FIRST NATIONAL BANK OF ST. PETERSBURG, FLORIDA, AS ADMINISTRATOR of the Estate of Samuel E. Doane, deceased, LAURA V. DOANE, JOHN VESSER DOANE and LULA HENRIETTA DOANE, *Appellants*, vs. MAE J. MOTT by HENRY F. MOTT, her husband and next friend, *Appellees*.
Division B.

Opinion filed March 23, 1931.
Petition for rehearing denied May 7, 1931.

*Carey & Askew*, for Appellants;

*Spear, Viney, Skelton & Pearce*, for Appellees.

WHITFIELD, P.J.—The subject matter of this litigation was presented in the county Judge's court and was dismissed for want of jurisdiction. Mott v. First National Bank of St. Petersburg, 98 Fla. 444, 124 So. 36.

It appears that under the laws of Connecticut Samuel E. Doane and his wife in that State formally adopted Mae J. Mott, a married woman, who though then living in her own home had previously resided with the Doanes as a member of the family. Samuel E. Doane died in Pinellas County, Florida, in 1926, having real and personal property in this State. His widow and two minor children claim the property and Mrs. Mott in an amended bill of complaint alleges facts upon which she "prays that she may be adjudged and decreed to be the legally adopted daughter of said Samuel E. Doane and Elizabeth Doane and that she may be by this Court decreed and adjudged to be entitled to participate in the division or distribution of the assets of the Estate of the said Samuel E. Doane, deceased, the same as if she were the natural child of the said Samuel

E. Doane, and that the First National Bank of St. Petersburg, Florida, Administrator of the Estate of the said Samuel E. Doane, deceased, may be ordered to distribute to your oratrix a distributive share in said estate the same as if she were the natural child of the said Samuel E. Doane.''

The court overruled a demurrer to the bill of complaint and an appeal was taken.

Section 3624 Revised General Statutes, 1930, provides that

"Whenever a child has been adopted as the heir of another by and under the laws of any State other than the State of Florida, and such child shall afterward become a citizen of this State, the same shall be considered the heir, and entitled to inherit according to the laws of Florida as if the adoption had been according to the laws of Florida.'' Section 5488, Compiled General Laws, 1927.

Sections 3268 et seq., Revised General Statutes 1920, contain the following:

"The judges of the circuit courts, on the application of any person, shall have full power and authority to legalize the adoption of any child by any person who may apply therefor.''

"The person who desires to make such application shall give four weeks' notice of the intention to apply in a newspaper published in the county of residence of such person.''

"After giving the notice provided for, the person desiring to adopt any child shall file a petition to the judge of the Circuit Court in the circuit in which such person applying resides. Said petition shall contain the age as nearly as can be ascertained of the child, clearly setting forth the reasons why the person applying desires to adopt said child, and shall be sworn to by the

petitioner, or by his attorney at law, before some officer authorized by law to administer oaths.''

"Upon the filing of said petition, the judge shall appoint a guardian ad litem to represent said minor upon the hearing of said petition.''

"Any child adopted by any person under the provisions of this law shall be declared the child and heir-at-law of the person applying for his adoption. Nothing in this law shall in any way interfere with any rights of property belonging to the child at the time of adoption.'' Secs. 3268, 3269, 3270, 3271, 3273, C. G. L. 1927.

In adoption statutes the word "child" relates to the offspring of others than the adopting person and ordinarily means a minor unless the context shows a different intent. The context of the statutes of this State on the subject contemplates the adoption of minors only.

Even if it be clearly shown that Mrs. Mott had "become a citizen of this State," to bring her within the statute first above quoted, the statute does not contemplate the adoption of an adult married woman by persons so that she "shall be considered the heir" of such persons, "and entitled to inherit according to the laws of Florida.''

Reversed.

Terrell and Davis, J.J., concur.

Buford, C.J., and Brown and Ellis, J.J., concur in the opinion and judgment.