IN THE MATTER OF ADOPTION OF RALPH THEODORE STONE-HOUSE, a minor

19 So. (2nd) 788                              June Term, 1944
November 24, 1944                              Division B

*David J. Lewis,* and *Stanley C. Myers,* for appellant.
*H. Pierre Branning* and *Cecil C. Curry,* for appellees.

BUFORD, C. J.:

In proceedings for the adoption of a boy child born out of wedlock there was attached to the petition for adoption of the said child by the petitioners the written consent of the mother executed in the presence of two subscribing witnesses and sworn to by the mother before a notary public. A certified copy of the petition was mailed to the Florida State Welfare Board and thereafter, on May 1, 1944, the Board filed its recommendations as to such adoption as provided in Sec. 9 of Chapter 21759 Acts of 1943, inter alia as follows:

"II. That as a result of such study the State Welfare Board finds:

"(a) That the Petitioners, Emil Theodore Bietz and Evelyn Josephine Bietz, his wife, are found to be suitable persons to adopt said minor child.

"(b) That the child sought to be adopted is a proper subject for adoption and suitable for adoption by the petitioners.

"III. Wherefore, the State Welfare Board recommends:

"a. That the petitioners be granted temporary custody of the above named minor child.

"b. That inasmuch as the child is three months of age and has lived with petitioners since birth, an interlocutory period of six months be fixed by the court, at the end of

which period the child will be approximately nine months of age and it will be possible to determine with certainty its normal physical and mental development.

"IV. That as required by law and in order to enable it to comply with its duties herein, it is necessary that the State Welfare Board be given notice of the time and place of any and all hearings on the petition for adoption."

After notice thereof, a hearing was had on the 9th day of May, 1944, at the conclusion of which final decree of adoption was entered.

Florida State Welfare Board appealed and presents here two questions for our consideration and determination. The first question challenges the sufficiency of the document evidencing parent's consent because the same appeared to have been sworn to by the parent instead of having been "acknowledged." We think this contention is without merit. When the contents of a written instrument is sworn to before an officer authorized to administer oaths or take acknowledgments the verification is stronger than would be an acknowledgement not under oath and, as the statute does not prescribe any particular form of acknowledgment, we hold that the statute, Sec. 8 of Chapter 21759, supra, was complied with in this regard.

The second question challenges the power of the Court to enter a final decree in such cases prior to the entry of an interlocutory order pursuant to the requirements of Sec. 13 of the Act, supra.

We hold that this challenge is well taken. The compliance with the provisions of this Section is mandatory as a prerequisite to the jurisdiction to enter a final decree awarding permanent guardianship. This is true because it is uniformly held that this is a statutory proceeding and that for courts to exercise the powers conferred by statute the statutory requirements must be substantially complied with. No contrary contention is tenable and, therefore, the citation of authorities to support the conclusion is not necessary.

For the reasons stated, the judgment and decree is reversed and the cause remanded for further proceedings according to the requirements of law.

So ordered.

Reversed and remanded.

BROWN, THOMAS and SEBRING, JJ., concur.