132 So.2d 9 (1961)
Demetrius TSILIDIS, also known as Demetrius Prassas, Appellant,
v.
Harry PEDAKIS and Gus Calfas, individually and as co-executors of the Estate of Constantine N. Prassas, deceased, and Ambrosia Chackney, a widow, Appellees.
No. C-228.
District Court of Appeal of Florida. First District.
July 11, 1961.
Yonge, Beggs & Lane, Pensacola, for appellant.
Coe & Coe, Pensacola, for appellees.
STURGIS, Judge.
This is an appeal from a decree of the Court of Record of Escambia County, Beall, J., holding that the appellant, Demetrius Tsilidis, is not entitled under the provisions of Section 731.11, Florida Statutes, F.S.A., commonly referred to as the Pretermitted Heir Statute, to inherit the estate of one Constantine Prassas, deceased.
*10 The appellant was a resident of the Kingdom of Greece and twenty-five years of age when, at the instance of decedent, Constantine Prassas, a citizen of Florida, he was adjudged by a court of that nation to be the adoptive child of said Prassas who was never a married person and had no natural or other adopted children. Prassas died after the decree of adoption was entered, leaving an estate of inheritance in Florida and a will that was executed prior to the entry of the foreign decree of adoption, which will does not name the appellant as a beneficiary or otherwise refer to him. Following expiration of the time allowed for filing of claims against the estate, appellant made demand upon appellees Pedakis and Calfas, the co-executors of decedent's estate, to recognize him as the heir at law of the deceased and to distribute to him the net estate, basing the demand on the contention that he is the pretermitted heir of the deceased. Thereupon the executors, joined by a beneficiary under the will, brought this suit in chancery for a declaratory decree determining the rights of the appellant and other interested parties in the premises. The chancellor entered a decree the effect of which is to hold invalid appellant's claim to an interest in the estate and appellant seeks reversal thereof.
While there are several facets of the problem, the ultimate question for determination is whether the appellant, who was an adult when adopted by the decedent who was never a married person, falls within the purview of the Pretermitted Heir Statute. We find no Florida precedent construing the laws governing the adoption of adults in their relation to the Pretermitted Heir Statute under circumstances similar to the case on review. Appellant contends that the applicable statutes operate to constitute him the pretermitted heir at law of the deceased. These statutes are:
F.S. § 72.34, F.S.A., governing the right to adopt an adult:
"Any adult married couple, or the survivor thereof, residing in the state and wishing to adopt another adult, may apply by petition in chancery to the judge of the circuit court for the circuit in which such adopter may reside, for permission to adopt another adult, whether married or single, provided, however that said adopters are more than ten years older than the adoptee." (Derived from Laws 1947, c. 23891, § 3)
As originally enacted, the right of an adult to adopt an adult was not available unless, inter alia, the adopters establish that they had custody of the adoptee for at least five years during the infancy of the latter. This limitation was removed by c. 29704, Laws 1955.
F.S. § 72.38, F.S.A., dealing with the effect of adoption:
"By a decree of adoption, the adoptee shall be the child and legal heir of the adopters, entitled to all rights and privileges and subject to all obligations of a child born to such adopters in lawful wedlock. * * *" (Derived from Laws 1947, c. 23891, § 7.)
F.S. § 731.11, F.S.A., relating to children born after execution of a will, commonly known as the Pretermitted Heir Statute:
"When a testator omits to provide in his will for any of his children born after the making of the will and such child has not had bestowed upon him by way of advancement a portion of the testator's property equivalent to a child's part, unless it appears from the will that such omission was intentional, such child shall receive a share in the estate of the testator equal in value to that which he would have received if the testator had died intestate. The share of the estate which is assigned to such pretermitted child shall be raised in accordance with the order of appropriation of assets set forth in this law." (Derived from Laws 1933, c. *11 16103, § 12, as amended by Laws 1945, c. 22783, § 1.)
F.S. § 731.30, F.S.A., dealing specifically with the effect of adoption upon the right of inheritance:
"An adopted child, whether adopted under the laws of Florida or of any other state or country, shall be an heir at law, and for the purpose of inheritance, shall be regarded as a lineal descendant of his adopting parents * * *." (Derived from Laws 1933, c. 16103, § 31.)
At first blush it would appear that F.S. § 731.30, F.S.A. brings appellant within the purview of F.S. § 731.11, F.S.A., but careful analysis discloses that this is not so.
The right of adoption existed under the laws of ancient Greece and Rome and has been practiced among many of the continental nations under the civil law from earliest times. It was, however, unknown to the common law of England and exists in Florida, having the English common law as the basis for its jurisprudence, only by virtue of statute. Re Stonehouse's Adoption, 1944, 155 Fla. 223, 19 So.2d 788; Sheffield v. Barry, 1943, 153 Fla. 144, 14 So.2d 417; Re Whetstone, 1939, 137 Fla. 712, 188 So. 576; In re Palmer's Adoption, 1937, 129 Fla. 630, 176 So. 537; 1 Am.Jur., Adoption of Children, § 3.
Prior to enactment of c. 23891, Laws 1947, now embraced in the Florida Statutes as Section 72.34, F.S.A., supra, it was not possible in this state to adopt an adult so as to constitute the adoptee the heir of the adopter and entitled to inherit under the laws of this state. The related cases of Mott v. First National Bank of St. Petersburg, 1929, 98 Fla. 444, 124 So. 36, and First National Bank of St. Petersburg v. Mott, 1931, 101 Fla. 1224, 133 So. 78, not only support that state of the law but aptly point the way to the rule that we adhere to on this appeal.
In the 1929 case Mrs. Mott by a petition before the County Judge's Court of Pinellas County, claimed the right to inherit as a child and heir at law of one Samuel E. Doane, deceased, who died intestate leaving real and personal property in this state. Her claim was based on a decree of the Connecticut court declaring her to be the adopted child of the deceased, which decree was entered when she was thirty-three years of age. The statutes of Connecticut expressly permitted the adoption of adults. A demurrer and motion to strike the petition were interposed by the administrator of Doane's estate and the County Judge's court sustained the demurrer and struck the petition. On appeal to the circuit court, which then had appellate jurisdiction over such orders, the order of the County Judge's court was affirmed and thereupon Mrs. Mott appealed to the Florida Supreme Court which affirmed the circuit court. While the affirmance by the Supreme Court turned on the premise that the proceeding before the County Judge's court resolved itself "into an attempt to try title to real property before the county judge sitting as a court of probate," contrary to the provisions of Article V, Section 11, of the Florida Constitution, F.S.A. as it existed in 1929, Mr. Justice Strum, speaking for the court, made the following observations which are highly pertinent to the problem before this court on this appeal:
"Within itself, the decree of adoption in Connecticut has no extraterritorial effect in respect to the inheritance of real estate in other states. Brown v. Finley, 157 Ala. 424, 47 So. 577, 21 L.R.A. (N.S.) 679, 131 Am.St. Rep. 68, 16 Ann.Cas. 778; 1 C.J. 1402. The relation of parent and child having been competently established by adoption in Connecticut, however, that status will be recognized in Florida under the rules of comity or under the full faith and credit clause of the Federal Constitution, unless such status or the rights flowing therefrom are *12 not contemplated by or are repugnant to the laws or policy of the state of Florida upon the subject. Van Matre v. Sankey, 148 Ill. 536, 36 N.E. 628, 23 L.R.A. 665, 39 Am.St.Rep. 196; 1 R.C.L. 615.
"Each state possesses the sovereign power to prescribe its own laws as to adoptions, as well as its own laws of descent and distribution with reference to property within its limits, in the exercise of which power a state may deny the right of inheritance in that state to one adopted under the laws of another state, or may refuse to recognize an adoption under the laws of a foreign state for the purpose of transmitting title by inheritance. See Ross v. Ross, 129 Mass. 243, 37 Am.Rep. 321; Hood v. McGehee (C.C.) 189 F. 205; Clarke v. Clarke, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028, Olmsted v. Olmsted, 216 U.S. 386, 30 S.Ct. 292, 54 L.Ed. 530, 25 L.R.A. (N.S.) 1292; Van Matre v. Sankey, supra; 1 R.C.L. 615." [98 Fla. 444, 124 So. 37.]
The above quotation clearly points up the important distinction, which must constantly be borne in mind, between (a) the power of a foreign jurisdiction to create a status which under rules of comity and the full faith and credit clause of the Federal Constitution must in some instances be recognized by the local forum, and (b) the lack of power of a foreign jurisdiction to attach to the status thus created incidents which are repugnant to the laws or policy of the local forum. The local forum is under no compulsion to adhere to or enforce such incidents.
Consequent upon that disposition of the proceedings in the probate court, Mrs. Mott filed suit in the Circuit Court of Pinellas County, in chancery, against the administrator of the Doane estate alleging substantially the same facts regarding her adoption by the deceased and praying to be adjudged "the legally adopted daughter" of the deceased and as such "entitled to participate in the division of distribution" of his estate "the same as if she were the natural child" of the deceased, and that the defendant administrator be accordingly ordered to distribute to her a share in the estate. The circuit court overruled a demurrer to the bill of complaint and the administrator appealed. In holding that the demurrer should have been sustained, the Supreme Court, speaking through Whitfield, P.J., quoted the applicable statutes that were in effect in 1931,[1] and said:

*13 "In adoption statutes the word `child' relates to the offspring of others than the adopting person, and ordinarily means a minor unless the context shows a different intent. The context of the statutes of this state on the subject contemplates the adoption of minors only.
"Even if it be clearly shown that Mrs. Mott had `become a citizen of this State,' to bring her within the statute first above quoted, the statute does not contemplate the adoption of an adult married woman by persons so that she `shall be considered the heir' of such persons, `and entitled to inherit according to the laws of Florida.'" [101 Fla. 1224, 133 So. 79.]
The provisions of Chapter 72, Florida Statutes, F.S.A., relating to adoption of adults, are in derogation of the common law and must be strictly construed. The very fact that the legislature restricts the right to adopt an adult to a "married couple, or the survivor thereof" (F.S. § 72.34, F.S.A., supra), establishes by exclusion the right of a single person to adopt an adult and implies that such is repugnant to the laws and policy of this state. We need proceed no further than the clear limitation of the statute in holding that the appellant is not entitled under the laws of Florida to share in the estate of Constantine Prassas.
The parties stipulated that the adoption decree herein "was procedurally perfected in accordance with all requirements of Greek law of adult adoption, and is valid and effectual under the law of Greece * * *." In view of our conclusion, which does not depend on the "status" of the appellant in so far as the legality of his adoption under the laws of Greece is concerned but rather upon the incidents of such adoption as contended for by appellant, the mentioned stipulation is innocuous. We deem it pertinent to observe, however, that jurisdiction over the subject matter of any court proceeding must be conferred by law and cannot under any circumstances be acquired by consent of the parties. Gannett v. King, Fla.App. 1959, 108 So.2d 299; Carolina Portland Cement Co. v. Baumgartner, 1930, 99 Fla. 987, 128 So. 241. A fortiori, the parties cannot by stipulation invest a foreign decree with such dignity as to preclude the local forum from applying its laws in determining whether the incidents of the foreign decree are repugnant to or against the policy of the local forum. The rights incident to a status fixed in one state do not follow into another state. Trotter v. Van Pelt, 1940, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018; Restatement, Conflict of Laws, Sec. 54.
Finding no error, the decree appealed must be and it is affirmed.
Affirmed.
CARROLL, DONALD K., Chief Judge, and WIGGINTON, J., concur.
NOTES
[1] § 3624, Revised General Statutes 1920, provided:

"Whenever a child has been adopted as the heir of another by and under the laws of any State other than the State of Florida, and such child shall afterward become a citizen of this State, the same shall be considered the heir, and entitled to inherit according to the laws of Florida as if the adoption had been according to the laws of Florida."
This section was superseded by § 5488, Compiled General Laws 1927. Its present counterpart is F.S. § 731.30 F.S.A., supra, except that the provision requiring that the adopted child "shall afterward become a citizen of this State" no longer obtains.
§ 3268 et seq., Revised General Statutes 1920 contained the following:
"The judges of the circuit courts, on the application of any person, shall have full power and authority to legalize the adoption of any child by any person who may apply therefor.
"The person who desires to make such application shall give four weeks' notice of the intention to apply in a newspaper published in the county of residence of such person.
"After giving the notice provided for, the person desiring to adopt any child shall file a petition to the judge of the circuit court in the circuit in which such person applying resides. Said petition shall contain the age as nearly as can be ascertained of the child, clearly setting forth the reasons why the person applying desires to adopt said child, and shall be sworn to by the petitioner, or by his attorney-at-law, before some officer authorized by law to administer oaths.
"Upon the filing of said petition, the judge shall appoint a guardian ad litem to represent said minor upon the hearing of said petition. * * *
"Any child adopted by any person under the provisions of this law shall be declared the child and heir-at-law of the person applying for his adoption." Rev. Gen.St. 1920, §§ 3268, 3269, 3270, 3271, 3273, Comp.Gen.Laws 1927, §§ 5076, 5077, 5078, 5079, 5081.
Chapter 72, Florida Statutes, F.S.A., controls the civil practice and procedure in all adoption cases.