LEAVENGOOD, C. RICHARD, Associate Judge.
This is an appeal from an order of the Orange County Juvenile Court of July 13, 1967, granting respondent’s motion to dismiss and/or quash appellants’ petition of May 30, 1967, and again on appellants’ petition for rehearing of July 24, 1967, and order of the Honorable Richard B. Keat-ing, acting as Judge of the Juvenile Court of Orange County.
This is a case where this court has sympathy and personal feelings for the appellants, and we have read the briefs and original proceedings. As shown by In the Interest of D.A.W., Fla.App.1965, 178 So.2d 745; In the Interest of D.A.W., Fla.App.1966, 186 So.2d 786; In the Interest of D.A.W., Fla.1967, 193 So.2d 433; Woods v. State Department of Public Welfare, Fla.1967, 201 So.2d 562, this case has been in the courts many years.
Although the appellants have cited many reasons for reversal, the main issue in this case is, does the juvenile court lose jurisdiction over a child upon the entry of an order permanently committing a child to the State Department of Public Welfare for subsequent adoption under Section 39.-11, Florida Statutes, F.S.A.
It does not appear from the actual record, but the respondents’ brief recites that this child has been adopted by persons not a party to this suit. The date of this adoption is not known to the court, but the child is now approximately fourteen years old and adjusted to her new life.
We conclude the juvenile court loses jurisdiction after its final order permanently committing a child to the State Welfare Department or licensed child placing agency. To hold otherwise would put many adoptions in doubt.
Affirmed.
CROSS, C. J., and McCAIN, J., concur.