HOBSON, Judge.
Richard Allen Willis appeals an order dismissing his motion to vacate the permanent commitment of his infant son to ap-pellee, entered approximately a year prior to the filing of his motion.
In July and August of 1971, Mr. and Mrs. Willis, the natural parents of the *156 child, signed written surrender of the child to appellee on forms signed by two witnesses, one of which was the notary who took the acknowledgments of the parents.
As grounds for his motion to vacate Willis alleged that the order of commitment was entered without proper notice to the parents as required by F.S. § 39.11(5) F.S.A. and therefore the due process clauses of the Florida and United States Constitutions were violated. Willis contends that the surrender forms are insufficient because they do not comply in strict conformity with the statute requiring two witnesses and a notary public. Appellant cites no authority for this interpretation, and no Florida court decision directly on point can be found. Neither have we found a case from another jurisdiction directly in point.
The lower court interpreted the provision in F.S. § 39.11(5) (c) F.S.A. to be satisfied if one of the witnesses is also a notary public. We agree.
Subsection (c) of F.S. § 39.11(5) F.S.A. provides:
“Notice as prescribed by this section may be waived, in the discretion of the judge, where the living parents, and any legal guardian, of the child, execute, before two witnesses and a notary public or other officer authorized to take acknowledgments, a written surrender of the child to a licensed child placing agency or the division of family services.”
The clear intent of the statute is that the signature of the parent be witnessed by two witnesses and acknowledged by a notary public or other officer authorized to take acknowledgments. It is well recognized that one of the two subscribing witnesses to a deed or mortgage may also be the notary who takes the acknowledgment. This is all that is required by F.S. § 63.081 F.S.A. in an adoption proceeding where the parent also permanently surrenders all his rights in the child. We therefore hold that the statute was substantially complied with. See In re Stonehouse’s Adoption, 1944, 155 Fla. 223, 19 So.2d 788; In re Adoption of Long, Fla.1952, 56 So.2d 450; McKinney v. Weeks, Fla.App.1961, 130 So.2d. 310.
Willis does not claim that the signature on the consent form in not his signature, or that it was induced by fraud, duress or undue influence.
The lower court, having found that Willis had executed a valid consent, requiring no notice of the permanent commitment of the child, and having further found that pursuant to F.S. § 39.11(6) F. S.A. the court was without power to exercise jurisdiction over the child after the entry of the order of permanent commitment, properly dismissed Willis’ motion. In the Interest of D.A.W., Fla.App.1970, 240 So.2d 524.
Willis also raises the question of whether the circuit court or juvenile court has jurisdiction over the custody of a minor child when the circuit court first assumes jurisdiction in a dissolution of marriage case and the juvenile court subsequently enters an order effecting custody.
In this case, before the circuit court entered a custody order, the child became a “dependent child” subject to the jurisdiction of the juvenile court. After the rendition of the permanent order of commitment placing the custody of the child with the appellee, neither the circuit court nor the juvenile court had jurisdiction over the custody of the child. Perdue v. Perdue, Fla.App.1963, 155 So.2d 665.
The order appealed is
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.