327 So.2d 776 (1976)
In re Adoption By Charles W. COX, Sr., Joined by Patricia A. Cox, His Wife, Petitioners.
No. 46325.
Supreme Court of Florida.
February 11, 1976.
*777 Albert M. Salem, Jr., of Salem & Salem, Tampa, for petitioners.
Peirce Wood, Melbourne, for respondent.
ENGLAND, Justice.
Our jurisdiction under Article V, § 3(b)(3) of the Florida Constitution is invoked to review a direct conflict between the decision below, reported at Fla.App., 299 So.2d 104, and that rendered in Pugh v. Barwick.[1] Our review of the case also discloses conflict with the decision in In Re Stonehouse's Adoption.[2] Certiorari is granted.
This proceeding arose when Charles and Patricia Cox endeavored to adopt the natural daughter of Adella Goode. The child had been borne out of wedlock and placed with Ms. Goode's father, who in turn employed the Coxes to care for the baby. During the first eleven months the child was in their care, the Coxes attempted to adopt her on two occasions but were denied permission. On their third attempt the Coxes obtained Ms. Goode's consent to adopt on a form which was notarized and witnessed by two persons, one of whom was Ms. Goode's new husband.[3]
A formal adoption proceeding was conducted in Brevard County, in which Ms. Goode appeared and participated. She there challenged her earlier written consent. Conflicting evidence was presented as to her reasons for executing the consent, but there was no allegation or proof that her consent was obtained by fraud, duress, undue influence, or other than voluntarily. At the conclusion of the adoption proceeding, the trial judge held that the consent form was defective for lack of the acknowledgment required for purposes of service of process in adoption proceedings.[4] He ruled, however, that the defect was immaterial in light of Ms. Goode's full participation in the contested adoption proceeding. He then found the Coxes fit to serve as parents, concluded that the Cox home would provide the best environment for the child, and awarded them permanent custody of the child.
The district court reversed the adoption award upon the authority of Roy v. Holmes[5] and Torres v. Van Eopoel,[6] omitting any discussion of Ms. Goode's consent. Roy and Torres hold that an order of adoption for strangers is improper where the natural parents are shown to be fit and desirous of the child. Neither of those cases involved the natural parents' consent. Since the question of the natural parents' fitness to care for a child is not reached unless there is no consent or a purported consent is invalid,[7] the district court necessarily determined Ms. Goode's consent was invalid.
The question brought to us for review is whether Ms. Goode's consent met the requirements of Florida law. The trial court found that it did, and we concur in that result. An acknowledgment is not essential to a valid consent voluntarily given in an adoption proceeding,[8] and in the absence *778 of fraud or duress a consent freely and voluntarily given is irrevocable.[9] As the trial court ruled, the service of process statute for adoption matters has no application to this proceeding in light of Ms. Goode's full participation in the trial.
It is frequently said that contested adoptions are the most difficult of all cases for trial judges. Where a natural mother seeks the return of her child after she has bettered her position to care for the child and has reconsidered her original motives for allowing the adoption, the burden placed on a trial judge is even more weighty. We recognize the difficulties inherent in making a decision in matters of this nature, and we are most reluctant to substitute our judgment (or let the district courts substitute their judgments) in the resolution of these emotionally-charged matters. Where the trial judge has guided his decision by reference to the best interest of the child and fully considered all of the evidence before him, there is very little room for the exercise of appellate discretion.
In this case, the record reveals that the trial judge found the child's best interests would be served by allowing the child to remain with persons she had known her entire (albeit short) life. In such circumstances, we will not say that the natural mother's recantation of consent, or her fitness and desires, must prevail over the trial court's judgment to the contrary.
The opinion of the district court is quashed with directions to reinstate the judgment of the trial court.
OVERTON, SUNDBERG and HATCHETT, JJ., concur.
BOYD, Acting C.J., dissents.
NOTES
[1] 56 So.2d 124 (Fla. 1952).
[2] 155 Fla. 223, 19 So.2d 788 (1944).
[3] Ms. Goode's new husband joined in her resistance to the Coxes' subsequent adoption proceeding, indicating a willingness to care for and support the child.
[4] Section 63.081, Fla. Stat. (1971): "Service of process shall be unnecessary when a written consent is filed with the petition, or thereafter executed in the presence of two witnesses and acknowledged before an officer authorized by law to take acknowledgments ..." This statute has been repealed and replaced by Section 63.082, Fla. Stat. (1973).
[5] 111 So.2d 468 (Fla.App.2d 1959).
[6] 98 So.2d 735 (Fla. 1957).
[7] See Pugh v. Barwick, 56 So.2d 124 (Fla. 1952).
[8] In Re Stonehouse's Adoption, 155 Fla. 223, 19 So.2d 788 (1944).
[9] Grabovetz v. Sachs, 262 So.2d 703 (Fla.App.3d), cert. denied 267 So.2d 329 (Fla. 1972).