SMITH, D. C., Associate Judge.
The appellees petitioned to adopt a three and one-half year old male child who was born out of wedlock. A written consent of the child’s mother and a written consent of the child’s father were attached to the petition. The appellant, Neal Freeman, the child’s maternal grandfather, filed an objection to the adoption by the appellees and he and his wife filed a cross-petition for adoption of the child.
*846 At the trial the court heard the testimony of a number of witnesses including the appellants, appellees and the child’s mother. The child’s mother testified that she wanted the appellees to adopt her child. The court found that it is in the manifest best interest of the child that he be adopted by the appellees.
The principal assaults made on the order of adoption are that (1) the written consents of the child’s mother and father do not meet the requirements of Section 63.-082(2) Florida Statutes; (2) no notice was given to the father as required by Section 63.122 Florida Statutes; and (3) that the order of adoption entered by the trial court was contrary to the weight of the evidence.
Section 63.082(2) Florida Statutes provides':
“A consent that does not name or otherwise identify the adopting parent is valid if the consent contains a statement by the person consenting that the consent was voluntarily executed and that identification of the adopting parent is not required for granting the consent.”
The consent of the mother and the consent of the father attached to the petition did not contain the names of the petitioners and did not state that the identification of the adopting parents is not required for the granting of the consent. However the child’s mother appeared and participated in the adoption proceedings and testified that she wanted her son to be adopted by the appellees. It therefore appears that the mother’s oral consent in the presence of the court meets the requirements of Section 63.082(1) (c) Florida Statutes and, in view of her appearing and participating in the adoption proceedings, the service of process statute for adoption proceedings does not apply to her. In Re Adoption of Cox, Supreme Court of Florida, 1976, 327 So.2d 776.
The record shows that the child’s father was killed in an accident before trial rendering any defective consent or service of process on him in these adoption proceedings moot.
As previously stated, the trial court found that it is in the manifest best interest of the child that he be adopted by the appellees. The weight of the evidence supports such finding. In In Re Adoption of Cox, supra, the Court stated:
“. . . We recognize the difficulties inherent in making a decision in matters of this nature, and we are most reluctant to substitute our judgment (or let the district courts substitute their judgments) in the resolution of these emotionally-charged matters. Where the trial judge has guided his decision by reference to the best interest of the child and fully considered all of the evidence before him, there is very little room for the exercise of appellate discretion.”
We have examined the other points raised on this appeal and find them without merit.
The order appealed from is affirmed.
CROSS and MAGER, JJ., concur.