534 So.2d 743 (1988)
Michelle HINDMAN, Appellant,
v.
Howard B. BISCHOFF, Appellee.
No. 88-206.
District Court of Appeal of Florida, Second District.
November 2, 1988.
Rehearing Denied December 6, 1988.
*744 Michelle Hindman, pro se.
Larry K. Coleman of Mulock & Coleman, P.A., Bradenton, for appellee.
FRANK, Judge.
During her pregnancy, Michelle Hindman discussed with Howard Bischoff the possibility of placing the child for adoption. Bischoff is an attorney authorized to act as an intermediary in adoption proceedings. See Chapter 63, Fla. Stat. (1985). Hindman ultimately executed an agreement in contemplation of adoption which provided that Bischoff would pay her medical expenses and lost wages incurred as a result of pregnancy. The agreement also required Hindman, if she failed to execute the consent for adoption, to reimburse Bischoff for the expenses he advanced. Hindman gave birth to a female child on August 26, 1987. On the following day she executed a consent for adoption and the child was immediately placed with the adoptive parents. On August 28, 1987 Hindman asked Bischoff to void her consent. Bischoff refused and Hindman filed a petition for writ of habeas corpus to achieve the return of her child alleging that she signed the consent under duress. The trial court dismissed the petition after a hearing.
Hindman, appearing pro se, seeks review of the dismissal of her petition for writ of habeas corpus. In attacking the voluntariness of her consent, she raises four points. She asserts that the consent was executed under duress, that she was not afforded the opportunity to review the document, and that she received no counselling to insure that it was voluntary. She also claims that Bischoff failed to comply with sections 63.022(k), 63.082(5), and 63.092(1) and (3)(c), Florida Statutes (1985). We affirm the trial court's order dismissing Hindman's petition for writ of habeas corpus.
Under the present state of the law, a consent to adoption may only be withdrawn upon a judicial finding that it was obtained by fraud or duress. § 63.082(5), Fla. Stat. (1985). In the absence of fraud, duress or undue influence, an adoption consent freely and voluntarily given is irrevocable. Matter of Adoption of Doe, 524 So.2d 1037, 1041 (Fla. 5th DCA 1988); In Re The Adoption of CLW, 467 So.2d 1106, 1111 (Fla. 2d DCA 1985). Hindman was 19 years old and had completed the eleventh grade when she gave birth to the baby. Although there is testimony indicating her emotional immaturity, the record also discloses that she understood the meaning of the forms she signed. Nonetheless she maintains she was unaware of alternatives to placing the baby for adoption and that she would be sued by Bischoff for the expenses he assumed if she were not to complete the process. The record, however, leaves doubtless that Bischoff explained the available options and that a HRS caseworker met with Hindman for the interview required by section 63.092(3)(a)(1), Florida Statutes (1985). That interview was undertaken to insure that Hindman's consent was informed and voluntary. Thus, the record before us simply will not sustain a determination that Hindman signed the consent under duress.
We are not unmindful of the state of Hindman's feelings. The circumstances she presents, however, do not equate with those we have deemed controlling. See In Re Adoption of Baby Girl "C", 511 So.2d 345, 347-348 (Fla. 2d DCA 1987). In Baby Girl "C", we noted the trial court's findings that the natural mother's consent had been given at a moment when she harbored a mistaken but frightening belief that she was facing a term in prison rendering her unable to care for her child. Our review of the instant record in its entirety has led us to the conclusion that Hindman simply changed her mind.
We have been intensely sensitive here, as we were on the occasions when Baby Girl "C" was the subject of litigation, to the conflicting emotions stemming from the adoption of a newborn child. See 511 So.2d at p. 346. Our compassion causes us to *745 suggest, as also occurred in Baby Girl "C", that the legislature reassess the current adoption statutes and consider the wisdom of a "cooling-off" period, common in several states, during which the actual adoption remains in abeyance.[*]See, e.g., Ga. Code Ann. § 74-404 (10 days); Mich. Comp. Laws Ann. § 710.64(1) (West 1979) (20 days); Ill. Rev. Stat. ch. 110, § 68.3 (1973) (30 days). An opportunity for reflection might avoid the seemingly harsh result that has occurred here. We are without choice in a matter of this kind, however, and must follow the law as it is ordained by the legislature.
We affirm.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[*] It is ironic that a potential condominium purchaser's contract with a developer is voidable within 15 days from the date of execution. See § 718.503, Fla. Stat. (1987).