FRANK, Judge.
The natural grandmother has appealed from a final order of adoption, contending that she should have been allowed visitation and that the adoption in any event should be set aside because the consents of the natural mother and father were invalid. We have scrutinized the entire record and have uncovered nothing to cause us to disturb the trial court’s determination that the natural mother, Debbie Onesko Roberts, consented to the adoption of her son. To the contrary, everything indicates that the decision of the natural mother was voluntary and was made in consideration of the best interests of her child. Our adoption statutes require that consent be revoked only “when the consent was obtained by fraud or duress.” § 63.-082(5), Fla.Stat. (1991). Although our decision in In Re: Adoption of Baby Girl “C”, 511 So.2d 345 (Fla. 2d DCA 1987), indicates that duress can emanate from internal pressures, the mere fact that Debbie Ones-ko felt compelled to change residences— something she had done with her son several times previously — simply cannot equate to the kind of duress necessary to invalidate the natural mother’s consent.
As for the father’s consent, it was clear that he specifically assented to the adoption by the new parents and that he would have refused to consent to adoption by the maternal grandmother under any circumstance.
Because the consents of the natural mother and father to the adoption were valid, none of the other issues raised by the maternal grandmother has merit. For instance, no statutory right exists for visitation by a natural grandparent in a non-stepparent adoption.
In conclusion, we observe as we did in Hindman v. Bischoff 534 So.2d 743 (Fla. 2d DCA 1988), rev. dismissed, 542 So.2d 989 (Fla.1989), that this is a case in which the mother, having made a valid and rational decision without undue pressure, either external or internal, later changed her mind. Our legislature has provided no remedy for the natural parent in this instance.
Affirmed.
DANAHY, A.C.J., and SCHOONOVER, J., concur.