PER CURIAM.
Appellant, the -wife in this dissolution of marriage proceeding, seeks our review of a non-final order which vacated a previous temporary custody order designating shared custody of, and visitation with, the minor child who has lived in a parent-child relationship with both parties since his birth. We reverse.
The child who is the subject of this custody dispute was bom February 28, 1991, in the Republic of the Philippines. The child’s-birth mother is a Philippine citizen; she was unmarried when the child was bom. The record suggests that the biological father of the child was a member of the United States military.[1] When the child was born, the parties were living in the Philippines, where appellee/husband was on active duty with the United States Air Force at Clark Air Force Base. Before the child was born, the birth mother consented to the parties’ adoption of the child. The parties were present in the delivery room for the child’s birth, and took him from the hospital to their home when he was only three days old. He has been in their care and custody continually from that time until the trial court issued the order here at issue granting sole custody to the husband, and barring further contact between the wife and the child. •
On April 3, 1991, the parties executed a joint petition for the adoption of the child. On April 4, 1991, the birth mother executed an affidavit of consent to the adoption, and a voluntary surrender of custody of the child to both parties. The husband testified that under Philippine law, foreign nationals are prohibited from adopting Philippine children. As a necessary step toward adoption of the child, a birth certificate was obtained which states that the husband is the father of the child, and a passport was issued for the child by the United States Embassy in the Philippines. This passport designates the husband as the father of the child.
The adoption petition was scheduled to be heard on June 11, 1991. On June 10, 1991, the parties and the child were relocated to Subic Naval Base, due to the impending eruption of Mount Pinatubo. Within a short period of time, the wife and child were transported back to the United States; the husband soon followed. Due to the parties’ enforced departure from the Philippines, the adoption petition was never finalized.
In August 1994, the wife filed a petition for dissolution of the parties’ marriage. She sought primary residential custody and shared parental responsibility of the child, who was then three and a half years old. At the hearing on the child custody issue, the husband asserted that his parental rights had been decided by the documents obtained in the Philippines. The trial court recognized the paternity of the child was in dispute in the dissolution action. After ascertaining that the parties had been sharing custody of the child since their separation, the trial court determined the specifics of their agreement and obtained their oral consent to a continuation of custody in accordance with their arrangement. Subsequently, the trial court issued an order dividing child custody between the parties in a manner which formalized the arrangement they had adopted. The temporary custody order stated that it was to remain in effect until the paternity issue was decided.
During the course of numerous pleadings and numerous hearings before the trial court, and in oral argument before this court, the husband asserted that he is the child’s father, the wife had no right to custody of the child beyond that of a stepmother, and the wife had no right to contest his paternity of the child.[2] The husband further argued he *62 should not be required to undergo testing to determine the paternity issue.
In April 1995, the husband filed a motion to modify the temporary child custody and visitation order entered November 23, 1994. The husband’s motion for modification of the temporary custody order was denied, and shortly thereafter he was found to be in willful contempt for failure to comply with the temporary custody order. The husband then filed another motion to modify the temporary custody order. This motion was followed by a request for an immediate hearing, and contained allegations of concern for the child’s safety and wellbeing.
At the hearing on the husband’s second motion to modify custody, the trial court concluded the husband had established a pri-ma facie presumption, by way of documents issued by two sovereign governments, that he is the parent and legal custodian of the child. Based solely on that determination, the trial court vacated the temporary custody order, and denied any further contact between the wife and child until the presumption of paternity had been overcome.
We conclude the trial court erred in vacating the temporary child custody order. In 1991, the birth mother in this case executed a valid written consent for the adoption of the child by both parties to this proceeding. Absent a finding of fraud, duress, or undue influence, a natural parent’s consent to an adoption is valid and irrevocable upon execution of the written consent. Matter of Adoption of Doe, 543 So.2d 741, 744 (Fla.), cert. denied, 493 U.S. 964, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989); In re Adoption of Cox, 327 So.2d 776, 777-78 (Fla.1976); Henriquez v. Adoption Centre, Inc., 641 So.2d 84, 90 (Fla. 5th DCA 1993) (en banc), review denied, 649 So.2d 233 (Fla.1994); Hindman v. Bischoff, 534 So.2d 743, 744 (Fla. 2d DCA 1988), review dismissed, 542 So.2d 989 (Fla. 1989).
Under Florida law, the birth mother’s written consent to the wife’s adoption of the child is valid and irrevocable. If one assumed the documentation submitted by the husband constitutes a prima facie showing of lawful custody of the child such that his consent to the wife’s petition to adopt is required, the husband concurred in the birth mother’s consent when he executed the joint petition with the wife for adoption of the child. By virtue of that consent and that of the birth mother, the wife has a viable claim for adoption of this child. Until this issue has been resolved, the trial court is not authorized to place unreasonable constraints on the wife’s contacts with the child, absent a finding that such contact would be detrimental to the child’s wellbeing. Further, we find that the husband’s assertion that he is the biological father of the child is, at this point, a disputed issue of fact to be resolved in further proceedings.
Accordingly, we reverse the trial court’s order vacating the temporary child custody order and barring all contact between the wife and child, and remand this cause with directions to reinstate the temporary custody order providing for shared custody and visitation.
BOOTH, JOANOS and BENTON, JJ., concur.

. The identity of the biological father is a disputed issue in the dissolution proceeding. The husband has asserted that he is the father, while the -wife takes the position that the natural father was another member of the United States military.

. The husband’s contention that the wife has no right to contest paternity is predicated on a Phil *62 ippine Social Services questionnaire which both parties completed in connection with the Philippine adoption, and the joint petition for adoption. The adoption petition was signed by both parties, and, among other things, states that the husband is the father of the child.