927 So.2d 131 (2006)
P.K., Mother of N.K., D.K., S.S., and D.P., etc, Appellant/Cross-Appellee,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellee/Cross-Appellant.
No. 5D05-1856.
District Court of Appeal of Florida, Fifth District.
April 21, 2006.
*132 Brenda H. Smith of Dependency Law Group, L.L.C., Umatilla, for Appellant/Cross-Appellee.
Ralph J. McMurphy, Wildwood, for Appellee/Cross-Appellant, Department of Children and Families.
Wendie Michelle Cooper, Orlando, for Appellee/Cross-Appellant, Guardian Ad Litem.
PALMER, J.
P.K. (mother) appeals the trial court's order denying her petition for approval of a conditional surrender of parental rights and proposed adoption of her minor children filed pursuant to section 63.082(6) of Florida's Adoption Act. The Department of Children and Families (DCF) cross-appeals seeking a ruling instructing the trial court to terminate the mother's parental rights. Finding no error with regard to the trial court's denial of mother's petition, we affirm that ruling. As for DCF's cross-appeal, we deny the specific relief requested, but remand this matter to the trial *133 court with instructions to comply with the mandate of this court set forth in the opinion issued in the earlier appeal in this matter.[1]
The background facts relating to this family are set forth in the opinion issued in the prior appeal of this case, Department of Children and Families v. P.K., 893 So.2d 678 (Fla. 5th DCA 2005). In that appeal, this court determined that the trial court's order denying DCF's petition to terminate the mother's parental rights was defective in various regards and we remanded the matter with instructions to the court to enter specific findings of fact and conclusions of law as to each of the mother's children.
After the case was remanded to the trial court, but before the trial court complied with our mandate, an adoption agency known as A Chosen Child, Inc., filed an emergency motion to intervene in the proceedings. The agency sought a change of custody pursuant to section 63.082(6) of the Florida Statutes. The mother at the same time filed a petition requesting that, instead of terminating her parental rights, the trial court allow her children to be adopted through A Chosen Child by family friends living in Pennsylvania because the friends would allow the mother to have continued contact with the children. A Chosen Child filed a copy of a home study conducted by a private entity relating to the prospective adoptive parents. The home study noted that the prospective adoptive parents did not have much parental experience and would need support parenting the mother's three special-needs children, and that the prospective adoptive father had been arrested for domestic violence in 2001 (said charges were eventually dropped). The home study nonetheless concluded that, with support, the Pennsylvania couple could handle the challenge of adoption.
Both DCF and the guardian ad litem opposed the mother's petition. The trial court conducted a evidentiary hearing on the issue.
At the hearing, the trial court heard testimony from the children, the mother, and the Pennsylvania couple. Testimony was also submitted from the GAL, family members, DCF workers, and the children's foster parents. Upon review, the trial court denied the mother's petition. This appeal followed.
The mother challenges the trial court's order denying her petition, claiming that the trial court unreasonably withheld its consent to her proposed adoption plan, thereby denying her the right to exercise her constitutional liberty interest under the First Amendment of the United States Constitution, which is made binding on the states under the Fourteenth Amendment. We disagree.
Although parents have the God-given right to the care, custody and companionship of their children, the right is not absolute. Rather, it is subject to the overriding principle that it is the ultimate welfare or best interests of the children which must prevail. In re Camm, 294 So.2d 318 (Fla.1974). In proceedings related to children in the custody of the State, the courts are charged with the duty of ensuring that the best interests of the children are advanced; this duty exists during dependency proceedings and continues through adoption proceedings. B.Y. *134 v. Dep't of Children & Families, 887 So.2d 1253 (Fla.2004).
Section 63.082(6) of the Florida Statutes was enacted to address the factual situation which presents itself in the instant case. Section 63.082(6)(c) of the Florida Statutes provides:
63.082. Execution of consent to adoption or affidavit of nonpaternity; family social and medical history; withdrawal of consent
* * *
[6](c) Upon a determination by the court that the prospective adoptive parents are properly qualified to adopt the minor child and that the adoption appears to be in the best interest of the minor child, the court shall immediately order the transfer of custody of the minor child to the prospective adoptive parents, under the supervision of the adoption entity. . . .
§ 63.082(6)(c), Fla. Stat. (2004).
Here, the trial court set forth in its order denying the mother's petition all the factors it considered relevant to the children's best interest, and then, applying the reasoning of B.Y. v. Department of Children & Families, 887 So.2d 1253 (Fla. 2004), concluded that DCF did not unreasonably withhold its consent to adoption.
In B.Y, after parental rights to three children were terminated, DCF withheld its consent to the adoption of the children it had placed with B.Y., the grandmother of two of the children. The trial court finalized the adoption without DCF's consent, finding that DCF was withholding its consent unreasonably. On direct appeal, the district court reversed, finding DCF's consent to the adoption was mandatory. Dep't of Children & Family Servs. v. B.Y., 863 So.2d 418 (Fla. 4th DCA 2003), rev. granted, 870 So.2d 820. However, on further appeal, the Supreme Court quashed the district court's decision, holding that the trial court had "acted appropriately to finalize the adoption." B.Y., 887 So.2d at 1254.
In our case, the trial court considered all of the factors that the trial court considered in B.Y. but, unlike B.Y., the trial court reached the conclusion that the mother's motion for conditional surrender and her proposed adoption plan should be denied. The record demonstrates that, in making that decision, the trial court considered the appropriateness of placing the children with the prospective adoptive parents, recognizing their relative youth, the incident of domestic violence, and the prospective father's temper and anger issues. The trial court also considered the couple's financial resources before reaching the conclusion that the mother's proposed adoption would, at a minimum, create financial stress on the couple. Additionally, the trial court considered that both the guardian ad litem and DCF opposed the proposed adoption plan. At the same time, the trial court also recognized that this adoption could maintain the mother's bond with the children and that there was a preliminary positive home study.
The evidence in the record is sufficient to support the trial court's denial of the mother's petition, and therefore, the ruling is affirmed. As the Supreme Court explained in In re Cox, 327 So.2d 776 (Fla. 1976):
It is frequently said that contested adoptions are the most difficult of all cases for trial judges . . . We recognize the difficulties inherent in making a decision in matters of this nature, and we are most reluctant to substitute our judgment (or let the district courts substitute their judgments) in the resolution of these emotionally-charged matters. Where the trial judge has guided his *135 decision by reference to the best interest of the child and fully considered all of the evidence before him, there is very little room for the exercise of appellate discretion.
Id. at 778.
With regard to the cross-appeal, DCF argues that this court should reverse and remand this matter to the trial court with instructions to enter an order terminating the mother's parental rights and then conduct a disposition hearing to determine the disposition as to each child. We disagree as to DCF's entitlement to the relief sought, but do remand this matter to the trial court with directions to follow the mandate of this court as set forth in Department of Children and Families v. P.K., 893 So.2d 678 (Fla. 5th DCA 2005):
We reverse and remand this cause for proper fact findings and conclusions of law.
On remand, the question of what to do with these four children will come before the court again, a few months later than projected by the court in its order denying termination. The trial court should take additional testimony regarding the mother's completion of her case plan, vel non, and the specific situation and status of each child. and, it should make specific findings as to each child.
We do not intend by this opinion to require the trial court to render an order terminating the mother's parental rights, as to some or all of the children, or to require it to make other specific permanency arrangements pursuant to statute, which may be appropriate for these children. However, because the children have been in the custody of the Department for more than four years, the trial court should, on remand, make specific findings as to each child and reach the best permanency disposition in each child's best interest.
Id. at 682.
AFFIRMED in part, and REMANDED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] Our court has jurisdiction over this matter pursuant to rule 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure because the trial court's order determined the right to child custody in this adoption proceeding, a "family law matter." Compare Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596 (Fla.1992).