SAWAYA, J.
In this unusual adoption case, Appellant and Appellees filed a joint appeal of the lower court’s “Order • Approving Fees, Costs and Expenses.”[1] The parties both present the same argument, which is that *700 the lower court erred when it refused to sign the Final Judgment of Adoption until satisfactory proof was supplied to the court that Home At Last Agency, Inc. refunded to the adoptive parents $17,225 of the $21,225 in fees they had already paid to Home At Last. In essence, the adoptive parents argue they do not want a refund and that the fee is fair and reasonable; both parties contend that the lower court erred in refusing to sign the Final Judgment of Adoption until this refund is paid.
Soon after the child’s birth on January 16, 2011, the birth mother consented to have her parental rights terminated and to have Home At Last file a Petition to Terminate Parental Rights for the Proposed Adoption of the Child. She also filed the necessary paperwork to give the child up for adoption. The birth mother did not know the identity of the birth father. A search of the Florida Putative Father Registry found no claim of paternity for the child. Home At Last obtained custody of the child on January 18, 2011, and placed him into the home of Appellees a week later. Home At Last filed the Petition to Terminate Parental Rights for the Proposed Adoption of a Minor Child, which was granted by the lower court. Appel-lees filed their Petition for Adoption on June 15, 2011, with the full approval of Home At Last.
Appellees completed all of the requirements to become adoptive parents and were excited to welcome the child into their home. The post-placement reports indicate that the child and Appellees have adjusted well as a family and that the child “will continue to flourish.” Appellees filed a Motion to Approve Fees, Costs and Expenses, which was followed by an Amended Motion to Approve Fees, Costs and Expenses. Appellees also filed a document entitled “Fees Approved by the Department of Children and Families That Do Not Require Court Approval (Fla. Stat. 63.097(1)),” which was signed by an employee of the Department of Children and Families (DCF) and approved fees paid to Home At Last in the amount of $20,850.[2] Appellees clearly alleged in the Amended Motion that the fees approved by DCF under section 63.097(1) do not require court approval, the fees were reviewed by them, they were informed about these fees, and that they “are assenting to the fees and costs associated with the adoption.” Appellees also alleged that “the fees assessed by Home At Last Adoption Agency, Inc., are within the range of accepted industry standards and are not excessive or extraordinary.” However, a $375 fee for birth mother counseling was included as part of the fees paid to Home At Last, but this fee was not included in the fees approved by DCF.
The hearing on Appellees’ Petition for Adoption was held on November 14, 2011. The record on appeal contains only the court minutes for this hearing. Following the hearing, the attorney for Appellees sent a letter to the lower court with a proposed final judgment for adoption, requesting the lower court to enter the judgment and let the order on fees stand alone so the adoptive parents and the child can fully enjoy all of the benefits of the guard *701 ianship and custody of the child and to allow the adoptive parents to apply for a social security number for the child and not lose a fully refundable federal adoption tax credit. Shortly thereafter, the lower court signed the order we now review, concluding that Home At Last was entitled to only $4,000 in fees and therefore it must refund $17,225 to Appellees. The lower court did not indicate how it determined that $4,000 was a reasonable fee nor did it explain the grounds on which it found the other fees unreasonable. Furthermore, the lower court dismissed the idea that DCF could approve fees for adoption agencies, stating that “DCF does not approve Home At Last Adoption Agency, Inc. fees, that it is for the court to determine the appropriate fees charged by the Adoption Agency.” Finally, the lower court stated that “the court will not execute the Final Judgment of Adoption until such time that satisfactory proof has been supplied to this court that Home At Last Adoption Agency, Inc. has refunded the adoptive parents $17,225.00.”
Home At Last and the adoptive parents filed this joint appeal, which requires us to determine whether it was proper for the lower court to review certain of the fees and costs sought by Home At Last and to condition entry of the order of adoption on the refund of the amount it determined was excessive. We conclude it was not.
Section 63.097, Florida Statutes (2011), sets forth the fees permitted in an adoption proceeding and, in subsection (1), expressly places in DCF the authority to approve certain fees:
(1) When the adoption entity is an agency, fees may be assessed if they are approved by the department within the process of licensing the agency and if they are for:
(a) Foster care expenses;
(b) Preplacement and postplacement social services; and
(c) Agency facility and administrative costs.
(Emphasis added).[3] This is not to say that certain fees and costs are not within the purview of the lower court. Indeed, subsections (3) and (4) discuss when the lower court’s approval of certain fees is necessary, but nothing therein includes the fees imposed pursuant to subsection (1).
The fees at issue here are agency fees that fall under section 63.097(1). We see nothing in the provisions of that section that requires court approval of the types of fees involved herein. Moreover, we see nothing in the provisions of section 63.097, or any other, that allows the lower court to withhold entry of a final judgment of adoption in the event a refund of fees is due. See Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (“As with any case of statutory construction, we begin with the ‘actual language used in the statute.’ This is because legislative intent is determined primarily from the statute’s text.” (quoting Borden v. E.-Eur. Ins. Co., 921 So.2d 587, 595 (Fla.2006))). Even if the lower court did have the authority under subsection (1) to determine the amount of fees encompassed by that subsection, it did not provide findings as to why it concluded that $21,225 is not a reasonable fee, but $4,000 is reasonable. Given the agreement of both parties and the plain language of section 63.097(1), we conclude that the lower court erred in refusing to execute the Final Judgment of Adoption until Home At Last refunded the $17,225. Based on the approval document submitted by DCF, Appellees would be entitled to a refund of $375 (the difference *702 between the $21,225 paid by Appellees and the $20,850 approved by DCF).
Accordingly, we reverse that part of the Order Approving Fees, Costs and Expenses requiring a refund in the amount of $17,225 to Appellees. We also reverse that part of the Order withholding entry of the final judgment until the refund amount is paid. We remand this case to the lower court to enter the Final Judgment of Adoption, if the adoption is otherwise in order, and to amend the Order to require a refund of $375. The remaining portion of the Order, which awards costs and fees not at issue here, is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
TORPY and COHEN, JJ., concur.

. We have jurisdiction pursuant to rule 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure. See P.K. v. Dep’t of Children & Families, 927 So.2d 131, 133 n. 1 (Fla. *700 5th DCA 2006) ("Our court has jurisdiction over this matter pursuant to rule 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure because the lower court's order determined the right to child custody in this adoption proceeding, a ‘family law matter.' " (citation omitted)).

. DCF approved $20,850 in fees, apportioned as follows: (1) $750 for the application fee; (2) $19,000 for the placemenVservice fee; and (3) $1,100 for an interstate placement fee (Appellees are residents of Connecticut).

. Section 63.032(6), Florida Statutes (2011), defines "agency” as “any child-placing agency licensed by the department pursuant to section 63.202 to place minors for adoption.”