105 So.2d 517 (1958)
Ursula Teresa Barnes SKEEN, Appellant,
v.
Lester L. MARX and Mabel G. Marx, Appellees.
No. 224.
District Court of Appeal of Florida. Second District.
October 1, 1958.
Herbert G. Gillis, Orlando, for appellant.
James S. Byrd, Robert W. Olsen, Olsen & Byrd, Orlando, for appellees.
ALLEN, Acting Chief Judge.
This appeal arose out of an adoption proceedings in which the appellant, the natural mother of the child, unsuccessfully contested the appellees' petition for adoption.
The subject child was born out of wedlock June 3, 1956. Previous to birth of the child, the mother signed a consent for adoption of the child and the child was turned over to the parties pursuant to this understanding. Subsequently, the child was attempted to be returned to the mother; she could not or would not accept it; and it was placed with a local minister who contacted the appellees to see if they would care to adopt the child. Thereafter, the appellees employed an attorney who had the appellant come to his office where she voluntarily signed the consent for the appellees to adopt the child. This attorney testified that the agreement was either read by or to the appellant before she signed; she admits that she knew she was signing adoption papers; but she contends that she was in a very nervous and emotionally upset condition so that she did not understand just what she was signing and that she thought that such an agreement would not preclude her from obtaining her child at a later date anyway, due to some magazine articles she had read.
The testimony was taken before a general master, and his findings were that the petitioners were suitable persons to adopt a child and that the consent for adoption was executed voluntarily with knowledge of the effect thereof, with no fraud, duress, or undue influence being practiced on the mother. The master recommended the adoption be granted; his recommendations were approved; and the final decree was entered granting such adoption by the circuit judge.
The appellant quotes from 2 C.J.S. Adoption of Children § 21, to the effect that consent for adoption may be withdrawn at any time before the adoption decree, but concedes *518 that Florida follows the opposite view. See Petition of Gaban, 1947, 158 Fla. 597, 30 So.2d 176, 179, where the Florida Supreme Court said:
"Some reputable authorities hold that natural parents can or may withdraw or revoke their written consent previously given to the adoption of their minor child or children at any time prior to the entry of a final decree of adoption. 2 C.J.S. Adoption of Children, § 21, p. 386. The trend of the most recent authority, however, is toward the position that where a natural parent has freely and knowingly given the requisite consent to the adoption of his or her child and the adoptive parents have accepted and acted, then the consent is ordinarily binding and cannot be withdrawn. 156 A.L.R. 1011. It is the conclusion of the writer that the latter rule is here inapplicable because the requisite consent of the mother, as disclosed by the record, was not freely and knowingly obtained so as to fall within the rule."
The Court concluded the above opinion by reversing the circuit judge, but on rehearing, a majority of the court reached the conclusion that the judgment appealed from should be affirmed.
Subsequent to Petition of Gaban, supra, the Supreme Court of Florida in the case of Pugh v. Barwick, Fla. 1952, 56 So.2d 124, affirmed an adoption decree where a mother objected to such adoption though she had informally agreed to such adoption.
We have noted the other question in the record, but do not find reversible error appearing herein. The lower court should be and is affirmed.
Affirmed.
KNOTT, JAMES R., and STEPHENSON, GUNTER, Associate Judges, concur.