ANDREWS, Acting Chief Judge.
This is an appeal by Dan Ballinger and Helen Frances Ballinger from a final decree denying their petition for adoption and awarding custody of Deborah Ann Arnold, a minor, to the mother, Chloe Ann Rouzer.
The petitioners seeking to adopt Deborah Ann Arnold are the natural parents of the mother of the child and maternal grandparents of the child and were 55 and 51 years of age, respectively, at the time the petition for adoption was filed. The respondent, Chloe Ann Rouzer, is their only child, and was 25 years old at the time the petition was filed.
When the respondent was 17 years old, she left home and married George Arnold. The child in question was born to this marriage on January 23, 1957. The couple separated and decided that it was for the best interest of their child to give her to the petitioners. On December 8, 1958, George Arnold and the respondent executed a consent to the adoption of the child by the petitioners, and the respondent was granted a divorce from George Arnold on January 16, 1960. In said proceedings the custody of the child was awarded to the petitioners.
Respondent moved back into petitioners’ home but again left and moved to Orlando, and a year later married her present hus *194 band, Harry Rouzer. Rouzer was in the Navy and shortly thereafter was transferred to Key West. From this marriage was born a son Scott, an apparently well adjusted and cared for child. On May 8, 1963, petitioners filed for adoption of the child, Deborah Ann, attaching thereto the consent to adoption dated December 8, 1958. A hearing was held before the court on November 19, 1963, the court retaining the matter under advisement until final decree herein appealed was entered on June 15, 1964.
Four points are raised on appeal. First, it is urged that the manifest weight of the evidence established that the best interest of the child requires that the adoption petition be granted. Second, that the consent of the natural parents to the adoption is binding and should not be set aside. Third, that the court erred in changing custody of the child from the petitioners, to whom she had been awarded in the divorce decree, in that there was no showing of circumstances warranting such action. Fourth, that the delay between the date of the hearing and the entry of the final decree was error in that changed conditions could have been shown.
This is the type of matter that gives trial and appellate judges their most serious concern in their effort to be right in their determination of the circumstances that are for the best interest of the child. The record reveals a violent personality conflict between the respondent and her parents. A careful reading of the evidence establishes that there was adequate competent evidence upon which the trial court could make a determination that it was for the best interest of the child that she be placed with her mother. The findings of the trial judge will not be disturbed by an appellate court unless such findings are clearly shown to be erroneous. Grantham v. Grantham, 1939, 140 Fla. 120, 191 So. 197. No useful purpose could be served by reviewing the details and circumstances upon which' the court reached this conclusion.
The second point raised on appeal gives us considerably more concern in that the mother in a formal legal document apparently relinquished all rights to the child and consented to her adoption by her parents. Such documents should not be executed without a full knowledge of their effect, nor should a court permit such consents to be set aside for frivolous or inconsequential reasons. Such consents should be respected and abided by unless there is strong and convincing proof that there was lack of understanding of the import of the document and that it was not the intent of the parents to permanently permit their child to be adopted by others. The courts have consistently held such consents valid and binding when they involve illegitimate children and when the mother and the adoptive parents are total strangers to each other. Skeen v. Marx, Fla.App.1958, 105 So.2d 517.
In the matter before the court here, however, we have a relationship of the grandparents attempting to adopt their grandchild over the objection of the natural mother. The strained relationship between the parties, the age and intellectual immaturity of the daughter at the time of the execution of the consent document and the natural instinct for her to seek her parents’ aid and assistance in seeking solution of her problems amply justified the court in finding that said document was executed under such circumstances and between such parties that a revocation thereof by the mother should be permitted. Lambert v. Taylor, 1942, 150 Fla. 680, 8 So.2d 393. The court’s position on this issue is further fortified by its determination that the mother, then some eight years older, had established a home for her other child and was in a position to provide- — perhaps not in as material a sense as were her parents but in every other way — for the best interest of her daughter.
 On the third point, from the record it is established that there was a sufficient change in circumstances of the parties *195 to justify the court changing the custody of the child. Finally, at the time of the entry of the decree the child was in school, and it is obvious that the court was concerned about the child’s welfare in delaying the entry of the final decree and directing the change of custody to coincide with the end of the school year.
Accordingly, the decree is affirmed.
WIGGINTON, JOHN T., and BARKER, ROGER A., Associate Judges, concur.