PER CURIAM.
This appeal arose out of an adoption proceeding in which appellant, the natural mother of the child, unsuccessfully contested the rights of the adoptive parents to the child.
It appears in the record that appellant mother gave birth to a daughter out of wedlock and thereafter executed two consents for adoption of the child. Subsequently the natural father, a married man, divorced his wife and married appellant. Following the marriage appellant claimed she was unduly influenced in the execution of the consents by her father’s insistence that she return home alone after the birth of the child. The record reflects one consent was executed in the hospital the day following the birth of the child and the second some eight days later in the presence of a circuit court judge and an attorney described as a friend of the court. The testimony clearly reflects that appellant, at the time of her execution of the consents, expressed no outward reservation or objection. The consents were, therefore, freely and voluntarily given.
In order to revoke a consent to an adoption it must be clearly shown that the consent was made under duress or undue influence. In Re Adoption of Shea, Fla.1956, 86 So.2d 164. This case turns on the legal premises of whether or not appellant mother has sustained this burden of proof.
In the absence of fraud or duress the natural mother of the child must be held to her legally executed consents. These documents should not be executed without a full knowledge of their effect, nor should a court allow the contents of the documents to be set aside for unsubstantial reasons. In Re Adoption of Mason, 34 Fla.Supp. 13 (Cir.Ct.1970). The courts have consistently held these consents to be valid and binding. In Re Adoption of Arnold, Fla.App.1966, 184 So.2d 192; Skeen v. Marx, Fla.App.1958, 105 So.2d 517.
It is conceded that both sets of parents are qualified, however, the answers to legal questions concerning the validity of the consents for adoption signed by appellant are controlling. It is well stated that the chancellor’s decision comes to this court clothed in a presumption of correctness and only an abuse of discretion or substantial error will necessitate a reversal of that decision. Gilbert v. Gilbert, Fla.App.1958, 105 So.2d 379. The record amply supports the findings of the chancellor.
Accordingly, the decree appealed should be, and is hereby affirmed.
Affirmed.