378 So.2d 1329 (1980)
Marshall Wayne HOWARD, Husband, Appellant,
v.
Pauline HOWARD, Wife, Appellee.
Nos. 78-1534/NT-65, 78-1535/NT-65A.
District Court of Appeal of Florida, Fifth District.
January 16, 1980.
Devo A. Heller of Brinson, Smith & Heller, P.A., Kissimmee, for appellant.
Sydney J. Steinberg of Greater Orlando Area Legal Services (Kissimmee Branch), Kissimmee, for appellee.
ANSTEAD, HARRY LEE, Associate Judge.
This appeal by the husband challenges a judgment of the trial court granting custody of the parties' child to the wife.
The parties were married in Kentucky on August 8, 1976, and a child was born of the marriage on April 13, 1977. While on a working vacation in Florida in December of 1977, the parties separated; the wife and infant remaining with her parents in Florida, where she had previously resided prior to the marriage, and the husband returning to Kentucky. On January 20, 1978, the husband filed an action for divorce and sought custody of the parties' minor child. Although no personal service was made on the wife, she received actual notice of the proceedings, including communications from a "Warning Order Attorney" appointed by the Kentucky court, who advised her that the Kentucky court lacked jurisdiction over the custody issue. The wife's Florida counsel thereafter advised her not to participate in the Kentucky proceedings.
On March 29, 1978, the wife filed a petition for separate maintenance in the Circuit Court in Osceola County, which in part sought temporary and permanent custody of the minor child. On May 4, 1978, the Kentucky court entered its judgment which granted a divorce and awarded custody of the child to the husband. On June 9, 1978, the husband filed a certified copy of the Kentucky judgment with the Clerk of the Florida court, and on June 12 he filed a petition for writ of habeas corpus seeking *1330 custody of the child pursuant to that judgment. The trial court proceeded simultaneously on the writ of habeas corpus and the request for temporary custody in the separate maintenance action and a hearing was held at which both husband and wife were present. Following testimony from the parties and other witnesses, the trial court determined that it had jurisdiction and was not bound by the prior Kentucky decree as to the custody issue and awarded the wife custody of the child.
Florida has adopted the Uniform Child Custody Jurisdiction Act, Sections 61.1302-61.1348, Florida Statutes (1977). Section 61.1328 provides in essence that a court of this state shall recognize the custody decree of another state which acquired jurisdiction of the custody issue. That provision, of course, is subject to a finding that the other state had jurisdiction to enter the original decree. On the basis of the record before this court it appears that the Kentucky court lacked jurisdiction to enter a custody decree.
It undisputed here that the child was residing in Florida when the husband commenced the Kentucky proceedings. Although Kentucky has adopted some provisions of the Uniform Act, the jurisdictional provisions of Section 61.1308(1)(a)(2), Florida Statutes (1977), defining the "home state" of the child and relied on herein by the husband, are entirely different from the provisions enacted in Kentucky. Under Kentucky law it would have been necessary for the child to have resided in Kentucky at the commencement of the action for the Kentucky court to acquire jurisdiction as the "home state" of the child. Gaines v. Gaines, 566 S.W.2d 814 (Ky.Ct. Appeals 1978). The husband asserts that the Uniform Act requires Florida courts to recognize the Kentucky decree if the jurisdictional standards set out in the Uniform Act as adopted in Florida are met regardless of the fact that the custody decree is invalid under Kentucky law. We disagree.
There is nothing in the Uniform Act which precludes a party from challenging the jurisdiction of a court entering a custody decree. It would be anomalous indeed for this court to now hold that while Kentucky would not itself uphold its own decree, Florida courts must apply the more liberal jurisdictional test provided in Florida's version of the Uniform Act and enforce the Kentucky decree. This is especially so in light of the fact that the wife was specifically advised by the attorney appointed by the Kentucky court that it would not be necessary for her to participate in the Kentucky proceedings because Kentucky lacked jurisdiction to award custody.
The record also supports the trial court's finding that it had jurisdiction under the Uniform Act. The trial court concluded that jurisdiction vested in Florida under Section 61.1308(1)(b) which provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * * * * *
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
The record establishes that the child and wife have a significant connection with Florida. The child has resided in this state for four months and there is no contrary indication that he won't continue to be raised in this state. The mother, presently a community college student, has resided in this state with her parents most of her life, met her husband in this state, and after a period of less than two years of married life in the husband's home state of Kentucky, has once again, with her child, established residence in this state. There is also substantial evidence available in this state and presented at trial concerning the child's present and future care, protection, training, *1331 and personal relationship. The child is currently being raised by the wife and her family, who reside in Osceola County. Furthermore, the husband himself has made frequent visits to this state, including the working vacation preceding the separation. In addition he was present and testified at the custody hearing.
There is no evidence in the record and it is not claimed by the husband that the wife had in any way acted improperly in securing custody of the child as contemplated by Section 61.1318 of the Act. Section 61.1318 authorizes the trial court to decline to take jurisdiction where one parent has "improperly" removed the child from another jurisdiction.
While we agree that Florida courts are bound under the act to refrain, except in certain exceptional circumstances, from modifying another state's custody decree if that state has jurisdiction over the custody issue, we conclude that such prohibition is not applicable here where it appears that Kentucky lacked jurisdiction to enter the original decree. Accordingly, the two custody orders on review are hereby affirmed.
MOORE, JOHN H., II, and WARREN, LAMAR, Associate Judges, concur.