406 So.2d 513 (1981)
Tina Rene HERNANDEZ, Appellant,
v.
Gerald HERNANDEZ, Sr., Appellee.
No. 81-1328.
District Court of Appeal of Florida, Third District.
November 3, 1981.
Rehearing Denied December 16, 1981.
*514 Richard E. Doherty, Miami, for appellant.
James A. Pearson, Hollywood, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The sole reason for the trial court's order requiring the mother, Tina Hernandez, to turn over custody of the parties' two-year-old child to the father, Gerald Hernandez, was its belief that the full faith and credit clause of the United States Constitution[1] required it to enforce a Texas custody order in favor of the father and precluded the mother from attacking the jurisdiction of the Texas court in Florida. Since a court of this state need give full faith and credit to the custody decree of a foreign state only when it first finds that the foreign state had jurisdiction of the custody issue, Howard v. Howard, 378 So.2d 1329 (Fla. 5th DCA 1980), see also Geisler v. Geisler, 397 So.2d 1216 (Fla.2d DCA 1981), it is apparent that Tina Hernandez had a right to be heard on her claims (a) that Texas was without jurisdiction under its own laws to enter a custody decree; (b) that to the extent Texas law permits courts of that state to exercise jurisdiction over minors, inconsistent with the residency requirements of the Uniform Child Custody Jurisdiction Act, Sections 61.1302-61.1348, Florida Statutes (1979), the Texas custody decree need not be recognized[2]; (c) that in any event, at the time of the hearing below, Florida was the home state of the child under the Uniform Child Custody Jurisdiction Act, and notwithstanding the Texas order, the Florida court was free to exercise jurisdiction and render an appropriate custody order based upon the best interests of the child. See Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). See also Anderson v. Anderson, 234 So.2d 722 (Fla.3d DCA 1970) (pre-Uniform Child Custody Jurisdiction Act).
Accordingly, we reverse the trial court's order which granted the father's petition for writ of habeas corpus and remand the cause with directions to conduct further proceedings consistent with this opinion. We express no view on these or other issues that may be raised by the parties at a full and fair hearing. If the trial court concludes that given the prolonged history of this all too realistic tug of war that the interests of the child would best be served by the appointment of a guardian ad litem, then of course that should be done.
Reversed and remanded.
NOTES
[1] U.S. Const., art. IV, § 1, in pertinent part provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State... ."
[2] Texas has not adopted the Uniform Child Custody Jurisdiction Act.