440 So.2d 57 (1983)
In re the ADOPTION OF P.R. McD. and J.T. McD., Minors.
No. 83-329.
District Court of Appeal of Florida, Fourth District.
November 9, 1983.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant (Natural Father).
Glenn H. Mitchell of Mitchell, Hanser & Schwartz, West Palm Beach, for appellees.
DOWNEY, Judge.
On January 19, 1982, appellees, filed a petition for the adoption of two minor children. Appellant, the natural father of the children, filed an objection to the petition, but later executed a written consent to adoption, followed by a notice of intention to withdraw consent. At a final hearing on the matter, the trial court entered an involuntary dismissal against appellant and later issued a final judgment of adoption. Appellant *58 timely appeals this order of adoption.
At the final hearing the natural father adduced evidence that he suffers from emotional problems and had been a patient in a Community Mental Health Center. At the time he signed the consent in question, he was a part time resident in a halfway house. The night before the consent was executed, his aunt told him that, if he did not sign a consent to the adoption of his two children, his children would be taken away by the Department of Health and Rehabilitative Services. She advised him that absent such consent the kids would end up on welfare. Appellant's wife also visited him a short time before he signed the consent and told him she understood from his aunt that the only way to prevent HRS from taking custody of the children was to sign the consent. The next day the adoptive parents and another relative picked appellant up and took him to a flower shop where he executed the consent form. Appellant further testified that his wife told him she would "throw him out" if he refused to sign. Finally, appellant testified that he was told by the adoptive father just prior to executing the consent that the adoptive father could get the children back once the consent was signed; appellant called a few days later to ask if the adoptive parents had gotten the children and was told they had. Appellant also testified that someone else had told him he could revoke his consent within a year.
Consent to adoption can not be withdrawn on a mere whim or because of a change of heart. Section 63.082(5), Florida Statutes (1981), provides that consent may only be withdrawn when the court finds that the consent was obtained by fraud or duress. Based upon the aforementioned evidence, we believe that appellant made a prima facie case of duress. Thus, an involuntary dismissal was not indicated. For that reason we reverse the judgment appealed from and remand the cause for further proceedings.
REVERSED AND REMANDED, with directions.
BERANEK and WALDEN, JJ., concur.