PER CURIAM.
Appellant Betty Fowler, the natural mother, appeals the final judgment of adoption granted appellees Helen and Arnold Weeks. We affirm.
In early 1980, appellant’s common law husband, Ronald Longenburger, contacted appellees, Florida residents, about adopting appellant’s then unborn child. Appellees expressed interest in the idea and after further discussion between the parties, ap-pellees sent appellant a consent to adoption form in August 1980. As a condition of the adoption, appellant requested that appel-lees come to Pennsylvania to pick up the child immediately after its birth because she did not want to see the child.
Appellant gave birth to the child on September 20, 1980, approximately ten days after Helen Weeks arrived in Pennsylvania. Several hours after delivery, appellant voluntarily executed and had delivered to ap-pellees the consent for adoption form. On September 23, 1980, the day she planned to return to Florida, Mrs. Weeks received a telephone call from appellant’s former attorney who informed her that appellant had changed her mind about the adoption and therefore wanted the baby returned to her. The head nurse at the hospital had apparently told the appellant that she had six months within which to revoke her consent. Nevertheless, Mrs. Weeks departed with the child as planned with the intention of instituting adoption proceedings in Florida. Appellees failed to notify any state agency in Florida or Pennsylvania of their intention to adopt the child, prior to removing the child from Pennsylvania to Florida.
On September 24,1980, appellant formally executed a revocation of consent for adoption which appellees received in the mail a week later. Appellant then filed a custody action in Pennsylvania and on October 31, 1980, was granted custody of the child.
Appellant sought to enforce the Pennsylvania custody decree in Florida by filing a petition for writ of habeas corpus and complaint for enforcement of the foreign order in the Circuit Court of Pinellas County. A hearing was held on appellant’s petition from which the trial court made the following findings:
The court further finds that the state of Pennsylvania has a provision by statute for the revocation of a consent within a certain period of time. The court further finds as a matter of law the state of Florida does not, at least by statute.

The court does hereby find that the Weeks by the documents available to the court and submitted to the court have the legal right at this time to have the custody of the child. Accordingly, therefore, the court declines to issue a writ of habeas corpus and dismisses the order to show cause, discharging them from it.

I think the court would also, if I have jurisdiction to do so, I’m not entirely sure I do have, — Yes, I do, too. This court will — does hereby invoke the inherent jurisdiction of the circuit courts over all children within the jurisdiction of the court. I hereby will award temporary custody of the child in question to the Weeks. Such temporary custody to continue no longer than eight days from this date. If during the period of the eight *1109 day period an appropriate action is taken by the adoption or otherwise or petition for adoption, then nothing further will be done, but if at the end of the eight day period no action is taken by the Weeks, accordingly, the — any order of this court granting temporary custody will be null and void,....
The denial of the petition for writ of habeas corpus and complaint for enforcement of the foreign order was never appealed by the appellant.
Pursuant to the court’s instruction, ap-pellees filed a petition for adoption on December 17, 1980, and attached thereto appellant’s previously executed consent for adoption. Shortly thereafter, Florida’s Department of Health and Rehabilitative Services (HRS) acknowledged receipt of the petition and informed appellees’ counsel that appellees had failed to follow the proper legal procedure concerning bringing a child into Florida for purposes of adoption.
Appellant then filed her answer including two defenses and counter-petitioned for writ of habeas corpus and complaint for enforcement of foreign order. Appellant first claimed that appellees did not initiate the adoption until after she revoked her consent as permitted by Pennsylvania law. Appellant also alleged that appellees violated the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes (1980), when they transported the child to Florida without prior notice to the appropriate public authorities.
The cause was ultimately set for hearing on January 3, 1983. From this proceeding the trial court concluded “that Florida law controlled the validity of the consent for adoption and the revocation of consent for adoption and, therefore, the revocation of consent for adoption was a nullity.” The court also found that the Interstate Compact on the Placement of Children had no application in this ease.
After the completion of a placement study by HRS, another hearing was scheduled for April 26, 1983. The court thereafter entered the final judgment of adoption, reaffirming its prior rulings and finding the adoption to be in the child’s best interest. This appeal timely ensued.
Appellant raises three points on appeal: (1) The trial court erred in refusing to enforce the previously entered Pennsylvania Custody Decree; (2) the trial court erred in ruling that the Interstate Compact on the Placement of Children did not apply to this cause; and (3) the trial court erred in applying Florida law to the revocation of consent. We affirm on all points.
For our resolution of the first question, we turn to the Uniform Child Custody Jurisdiction Act (UCCJA), which both Florida and Pennsylvania have adopted. §§ 61.1302-61.1348, Fla.Stat. (1983); §§ 5341-5366, Pa.Stat. (1983). Two related purposes of the act are to avoid relitigation of custody decisions of other states and, likewise, to facilitate the enforcement of foreign decrees. § 61.1304(6), (7); § 5342(a)(6), (7). The act essentially provides that a court of this state shall recognize a custody decree of another state which acquires jurisdiction under circumstances satisfactory to the provisions of the act.
The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which assumed jurisdiction under statutory provisions substantially in accordance with this act, or which decree was made under factual circumstances meeting the jurisdictional standards of the act, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this act.
§ 61.1328, Fla.Stat. (1983). This provision, as stated by the Fifth District in Howard v. Howard, 378 So.2d 1329, 1330 (Fla. 5th DCA 1980), “is subject to a finding that the other state had jurisdiction to enter the original decree.” See also Hernandez v. Hernandez, 406 So.2d 513 (Fla. 3d DCA 1981).
Both Florida and Pennsylvania have adopted in its entirety the jurisdictional section of the UCCJA, which provides:
*1110 (1)A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child’s home state within 6 months before commencement of the proceedings and the child is absent from this state because of his removal or retention by a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have significant connection with this state, and
2. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state had declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in the state of the child, or the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
§ 61.1308; § 5344.
We disagree with appellant’s contention that Pennsylvania had jurisdiction under section 5344(a)(2), the “significant connection” provision of the act.[1] While courts generally recognize existing familial relationships as contacts sufficient to invoke this provision, no such relationship existed here. The child’s only connection with Pennsylvania is the mere fact of her birth and for that reason we hold Pennsylvania lacked jurisdiction over the initial custody proceeding.
Additionally, we find other grounds under the UCCJA to support the trial court’s refusal to enforce the Pennsylvania decree. The act has a separate provision relating to the binding force and res judicata effect of a custody decree. That section provides as follows:
Binding force and res judicata effect of custody decree. — A custody decree rendered by a court of this state which has jurisdiction ... binds all parties who have been served in this state or notified in accordance with ... or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to these parties, the custody decree is conclusive as to all *1111 issues of law and fact decided and as to the custody determination made unless and until that determination is modified pursuant to law, including the provisions of this act.
§ 61.1326; § 5353.
We read this section as authorizing a forum state to relitigate a custody question previously decided where the procedural due process concerns of notice and an opportunity to be heard were lacking.[2] Here, we find no evidence in the record that service of process was ever made on the Weeks of the Pennsylvania proceeding and therefore we believe the trial court had the authority under the UCCJA to redetermine the child’s custody.
We also cannot agree with the contention of the appellant that the trial court erred in finding that the Interstate Compact on the Placement of Children did not apply to this cause. We conclude that the compact is not available to nullify the adoption proceedings below because no harm was suffered by the failure to comply with its requirement of notification to HRS. That agency is not complaining and has now made the same determination concerning the best interests of the child as it would have been required to make if notified under the compact. Further, appellant, as well as appellees, had a duty as a “sending agency” under the compact to notify HRS and she should not now be allowed to complain of such failure by the Weeks to do so. The requirement for notification is only in order that the receiving state (Florida) can notify the “sending agency” (either appellant or appellee) that the proposed placement with appellees would not be contrary to the best interests of the child.
On the question of the validity of the revocation of consent, appellant challenges the trial court’s application of Florida law rather than Pennsylvania law. While Florida law is well settled that in the absence of fraud, duress, or undue influence a consent freely and voluntarily given is irrevocable, section 63.082(5), Florida Statutes (1983); In Re Cox, 327 So.2d 776 (Fla.1976); Grabovetz v. Sachs, 262 So.2d 703 (Fla. 3d DCA 1972), the law in Pennsylvania permits a natural parent to revoke his or her consent for adoption at any time prior to entry of judgment of adoption. In Re Adoption of RWB, 185 Pa. 168, 401 A.2d 347 (1979); In Re Stones Adoption, 398 Pa. 190, 156 A.2d 808 (1959); Com. Ex rel. Grimes v. Yack, 289 Pa.Super. 495, 433 A.2d 1363 (1981); In Re Neff, 189 Pa. Super. 370, 150 A.2d 563 (1959).
A court generally applies its own state law in determining whether to grant an adoption. Restatement (Second) of Conflict of Laws § 289 (1971). We see no reason to depart from the general rule in the instant case, especially considering that appellant executed the consent with the knowledge, consent and purpose that it be used by the Weeks in a Florida adoption and, thus, must have known that Florida law would apply to the adoption. Accordingly, we hold that the trial court properly applied Florida law to the revocation of consent issue.
We therefore affirm the final judgment of adoption.
RYDER, C.J., CAMPBELL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. Florida, on the other hand, did have jurisdiction to enter its own custody decree on the basis of section 61.1308(l)(a), the "home state” provision. Section 61.1306(5) defines "home state” as:
the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months or, in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period.
Because the child has lived her entire life with the appellees exclusively in Florida, Florida clearly is the home state of the child.

. Section 61.131 and section 5345 provide:
—Before a decree is made under this act reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to....