497 So.2d 1265 (1986)
In the Interest of I.B.J., a Child.
Diane Yvette JONES, Appellant,
v.
CHILDREN'S HOME SOCIETY OF FLORIDA, Appellee.
No. 86-8.
District Court of Appeal of Florida, Fifth District.
October 16, 1986.
Rehearing Denied November 24, 1986.
*1266 Ray Dvorak of Dvorak & Cohen, P.A., Orlando, for appellant.
Thomas R. Mooney and Howard G. Butler of Meyers and Mooney, P.A., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from the natural mother from an order finding her child dependent, as defined by section 39.01(9)(b), Florida Statutes (1985), and permanently committing the child to a licensed child-placing agency for the purpose of subsequent adoption. § 39.41(1)(f), Fla. Stat. (1985).
The natural mother was unmarried at the time of the birth of her child. The mother had been estranged from her family for two years and was living with a man who abused her both physically and mentally. The man, who is not the father of the child, told the mother she could not return home with the child after the birth. Finding no other alternative the mother decided to surrender her child for the purposes of adoption.
The mother contacted a licensed child-placing agency and the day after the birth of the child she signed a release form permitting the agency to take the child from the hospital into their care. The next day the agency had the mother sign an affidavit and a "Surrender, Consent and Waiver of Notice" form for the purposes of subsequent adoption.
Five days after the birth of the child, the mother was contacted by her family who had learned she was pregnant and wanted her to come home with the baby. The mother contacted the child-placing agency and alerted them that she wished to withdraw her consent and would contest the adoption.
A hearing was held in which the mother made a motion to withdraw her consent. It was the opinion of the trial court that the consent could only be withdrawn upon a showing of fraud or duress pursuant to section 63.082(5), Florida Statutes (1985), or if the consent document was executed without full knowledge of its effect. See Grabovetz v. Sachs, 262 So.2d 703 (Fla. 3d DCA 1972); In re Arnold, 184 So.2d 192 (Fla. 4th DCA 1966); Skeen v. Marx, 105 So.2d 517 (Fla. 2d DCA 1958). The trial court determined that the natural mother understood the documents and their effect; that there was no showing of fraud or duress and denied the mother's motion to withdraw. We find this to be error.
We note first that this is a dependency proceeding under Chapter 39, Proceedings Relating to Juveniles, not under Chapter 63, Adoption. Agency adoptions differ from intermediary or "private" adoptions. In private adoptions the third party adoptive parents' rights are triggered immediately. The adoptive parents use the consent signed by the natural parents to petition for adoption of the child. In an agency adoption, a child must first be permanently committed to the custody of the agency. § 39.41, Fla. Stat. (1985). To permanently commit a child the court must first adjudicate the child dependent as defined by section 39.01(9), Florida Statutes (1985). Once the child is placed in the custody of the agency, the consent to adopt is executed by the agency and attached to the petition for adoption. § 63.062(3), Fla. Stat. (1985). Therefore, in an agency adoption the adoptive parents are not a party until after permanent commitment of the adoptive child.
It is the opinion of this court that prior to the child being adjudicated dependent the natural parents have the unfettered right to withdraw their "consent" or surrender. Without a valid surrender a child cannot be adjudicated dependent under section 39.01(9)(b), Florida Statutes (1985). When a parent attempts to withdraw consent before proceedings are commenced, there cannot be a surrender. Surrender is a voluntary act and occurs only with the consent of both parties. Black's Law Dictionary, 1295 (Rev. 5th Ed. 1979). When the natural mother in this case resisted and *1267 the child was taken over her objection, there was no surrender.
The trial court erred when it required a showing of fraud or duress to withdraw a valid consent because section 63.082(5), Florida Statutes (1985) does not apply to dependency hearings. The adoption statute is not triggered until the child is declared dependent and permanently committed to the agency for subsequent adoption. We recognize and distinguish the adoption cases which require fraud, duress or lack of understanding to withdraw a consent.[1] Each of these cases involved private adoptions.
We also distinguish this case from In Interest of A.G.N., 460 So.2d 498 (Fla. 1st DCA 1984). In that case, as here, the parents wished to withdraw their surrender and consent at the dependency hearing. The first district noted that the parents had knowingly signed a consent to adopt. However, the court in that case determined that the child had been abandoned and neglected by its parents and found the child dependent. There is no showing in the instant case that the natural mother abandoned or neglected the child. In fact, the record indicates that the mother kept in contact with the agency and requested information and pictures of her child when the agency denied her contact.
The outstanding purpose of Chapter 39 is to preserve and strengthen the child's family ties whenever possible, removing the child from the custody of the parents only when the child's welfare cannot be adequately safeguarded without such removal. § 39.001(2)(c), Fla. Stat. (1985). As this court stated in In re Adoption of Braithwaite, 409 So.2d 1178 (Fla. 5th DCA 1982):
The severance of a parent-child relationship is an extreme and harsh judicial act, and should not be done unless the trial judge is convinced that the statutory basis for this remedy has been clearly established [citations omitted].
It is the opinion of this court that the natural mother's motion to withdraw consent was valid and should have been granted. The child was improperly adjudicated dependent and improperly permanently committed to the child-placing agency's custody for the purposes of subsequent adoption. The order of the trial court is reversed and the trial court is ordered to return the child to the care and custody of its natural mother.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] In re Cox, 327 So.2d 776 (Fla. 1976); In re Adoption of P.R.McD., 440 So.2d 57 (Fla. 4th DCA 1983); Grabovetz v. Sachs, 262 So.2d 703 (Fla. 3d DCA 1972); In re Arnold, 184 So.2d 192 (Fla. 4th DCA 1966); Skeen v. Marx, 105 So.2d 517 (Fla. 2d DCA 1958).