MILLS, Judge.
The mother of three minor children appeals from an order, following adjudication of dependency, which suspended her visitation rights and required her to undergo psychological evaluation. Of the four issues raised on appeal, we reach the merits of only the one relating to psychological evaluation. With respect to that issue, we remand for further proceedings.
On 18 September 1987, the trial court entered an order adjudicating the children dependent. On 27 October 1987, an order was entered reaffirming the dependency adjudication and ordering placement of the children in the temporary custody of the Department of Health and Rehabilitative Services (HRS) for foster care placement. On 8 December 1987, the trial court entered an order requiring HRS to have a psychological evaluation done on the mother and suspending her visitation rights until approval by a therapist. Only the 8 December 1987 order was appealed.
The mother first challenges the sufficiency of the allegations in the dependency petition and the sufficiency of the evidence in support thereof. She then argues that the trial court abused its discretion in adjudicating the children dependent based on neglect. We do not reach these issues, however, because the dependency adjudication became final without an appeal.
As to the trial court’s requirement in the order appealed, that the mother undergo psychological evaluation, the state concedes that it was error to require the evaluation absent compliance with Florida Rule of Juvenile Procedure 8.750(b) as interpreted in In the Interest of S.N, 529 So.2d 1156 (Fla. 1st DCA 1988). In S.N., the order requiring the examination was quashed, and the cause was remanded for further proceedings and receipt of additional evidence on the issue of good cause for an examination. Appellant argues that we should not remand in this case because S.N. was reviewed pursuant to a petition for writ of certiorari, while this is a direct appeal. We have been offered no reason why this procedural distinction should make a difference, however, so we remand for further proceedings on the psychological examination question.
As the last issue raised on appeal, the mother argues that the trial court abused its discretion in terminating visitation. But in her statement of the case and facts in the initial brief, the mother states that the trial court reinstated visitation for one hour every other week, commencing 4 May 1988. The appellee has accepted the appellant’s statement of the case and facts. The challenge to the termination of visitation is therefore moot.
That part of the appealed order requiring psychological evaluation is REVERSED and the cause REMANDED for further proceedings.
ERVIN and THOMPSON, JJ., concur.