632 So.2d 1093 (1994)
In the Interest of C.M., a Child.
No. 93-1812.
District Court of Appeal of Florida, First District.
March 1, 1994.
*1094 Reese A. Waters, Jr., Jacksonville, for appellant.
No appearance for appellee.
PER CURIAM.
The mother appeals an order adjudicating her child dependent. We reverse.
HRS filed a dependency petition alleging that the mother, by her repeated incarcerations, had failed to provide a stable environment for the child. The incarcerated mother was not present at the adjudicatory hearing, but was represented by an attorney who is not involved in the instant proceedings. Counsel orally stipulated to dependency, stating that the stipulation was authorized by the mother, and that the mother was aware of the ramifications of dependency. Based upon this stipulation, the trial court entered an order of adjudication. A disposition hearing followed and, though the mother was in attendance, the trial court did not take the opportunity to inquire whether the stipulation was knowingly and voluntarily made. The day after the disposition hearing, and prior to entry of an order, the mother filed a motion to withdraw her stipulation, alleging that it was unauthorized and not voluntary. Following a hearing, the trial court denied the motion and reaffirmed the adjudication of dependency.
Florida Rule of Juvenile Procedure 8.325(c) provides, in pertinent part:
The parent or custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent... .
(Emphasis added). Clearly, the trial court failed to make the necessary determination in the instant case. The record reveals that the trial judge never inquired of the mother whether her stipulation to a finding of dependency was intelligent and voluntary. The mother's mere presence at the disposition hearing did not conclusively establish that the earlier stipulation was knowing and voluntary, nor did it relieve the trial court of its obligation to follow the clear dictates of the rule.
Accordingly, the adjudication of dependency is REVERSED, and the case is REMANDED with directions that the mother be permitted to withdraw her stipulation and proceed to an adjudicatory hearing.
MINER, WEBSTER and LAWRENCE, JJ., concur.