703 So.2d 1224 (1998)
Gary BAILEY and Mary Bailey, Appellants,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
Nos. 96-3562, 96-3563.
District Court of Appeal of Florida, Fifth District.
January 2, 1998.
Garrick N. Fox, Orlando, for Appellant Gary Bailey.
Norberto S. Katz, Orlando, for Appellant Mary Bailey.
Allen J. Joseph, Orlando, for Appellee.
*1225 DAUKSCH, Judge.
This is an appeal of orders denying a motion to withdraw consent to a dependency proceeding and granting a motion for psychological evaluation. Appellants argue that they did not have a full understanding of the nature of the allegations and possible consequences of giving consent. See Fla.R.Juv.P. 8.520(c). A review of the record indicates that this contention is without merit as the trial judge accepted the consent pleas only after carefully questioning appellants, ensuring that they understood the consequences of their consent and their right to consult with their attorney.
There is precedent under an earlier version of chapter 39 indicating that a parent has an "unfettered" right to withdraw an out-of-court consent to a dependency proceeding prior to an adjudication. In Interest of I.B.J., 497 So.2d 1265 (Fla. 5th DCA 1986), rev. den., 504 So.2d 766 (Fla.1987). However, this standard does not apply to a consent that is accepted by the court pursuant to Florida Rule of Juvenile Procedure 8.520(c). Section 39.464(1), Florida Statutes (1995) makes clear that once a juvenile court has accepted the consent and announced its ruling in open court, the proceeding becomes a voluntary relinquishment where consent can only be withdrawn if it was obtained by fraud or duress. See In Interest of J.R.G., 624 So.2d 273 (Fla. 2d DCA 1993). Since appellants have not demonstrated fraud or duress, their consent can not be withdrawn. § 39.464(1), Fla. Stat. (1995).
The trial court did err by ordering appellants to submit to psychological evaluations without good cause shown. Both Section 39.407(13), Florida Statutes (1995) and Florida Rule of Juvenile Procedure 8.250(b) require a showing of good cause before one can be ordered to submit to a mental or physical examination. Since no good cause was shown, the failure to comply with the appropriate rule of juvenile procedure warrants that the case be remanded for further proceedings on the issue. J.T.M. v. State, 530 So.2d 1074 (Fla. 1st DCA 1988).
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., dissents in part; concurs in part with opinion.
W. SHARP, Judge, dissenting in part; concurring in part.
I agree with the majority opinion in this case that the order requiring the appellants (the mother and father of two children involved in this dependency proceeding) to submit to psychological evaluations must be reversed because the Department failed to establish, with an evidentiary hearing or otherwise, any good cause for such evaluations. At best, the judge and the Department stated, in general, the evaluations would help them in making a plan for returning custody of the children to the parents. At the time of the order, the two children were in fact residing in their parents' home, and were making good progress, according not only to the parents, but the Department's counselors assigned to the case, as well.
However, I disagree that the court should not have allowed the parents to withdraw their consent to the dependency petition. Florida Rule of Juvenile Procedure 8.520(c) provides:
If the parent appears and enters a plea of admission or consent to the termination of parental rights, the court shall determine that the admission or consent is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the plea and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of adjudication. (emphasis supplied)
In the first place, the order of dependency rendered in April of 1996 contains none of the findings required by rule 8.520(c), although conceivably the transcript containing the judge's comments at the hearing in which the parents tendered their consents could be used to argue that these findings were implicitly made. But more importantly, this was not a termination of parental rights proceeding. Rule 8.520(c) addresses termination *1226 proceedings, not dependency proceedings. The latter may or may not evolve into termination proceedings.
Thus, in my view, In Interest of I.B.J., 497 So.2d 1265 (Fla. 5th DCA 1986) is still controlling. In I.B.J., this court held it is not necessary to show fraud or duress in order to withdraw a valid consent in dependency hearings. In Interest of J.R.G., 624 So.2d 273 (Fla. 2d DCA 1993), which is relied upon by the majority for the proposition that the parents in this case had to establish fraud or duress, was a termination case. That court relied on section 39.464(1), Florida Statutes, Florida Rule of Juvenile Procedure 8.265(b), and an adoption case, Matter of Adoption of Doe, 543 So.2d 741 (Fla.1989). None of these authorities is relevant to this dependency proceeding.
The appropriate rule in this case is Florida Rule of Juvenile Procedure 8.315(b), which provides:
The court may at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication.
This gives a trial judge discretion to set aside a consent given in a situation where the consent was not voluntarily made, or made without a full and fair understanding of the consequences.
At the hearing in which the parents sought to withdraw their consents, they repeatedly stated that the only reason that they had given consent was for the purpose of obtaining medical and therapeutic help for one of their children who was handicapped. The child was out of control, and they had been unable to get help from the Department for him. The mother also testified at the prior hearing when her consent was accepted by the court that she had been taking medications and she was not thinking very clearly.
After appellants gave their consent, the Department still did not place the out-of-control child in a residential treatment facility. The parents ended up having to place him in a treatment facility themselves. Understandably, they were upset with the Department for not carrying out its promises. Their statements about what happened were actually agreed to by the representatives of the Department at the hearing. In my view, these circumstances established a valid ground for withdrawal of their consents. Cf. State v. Hale, 682 So.2d 613 (Fla. 2d DCA 1996); Woods v. State, 600 So.2d 27, 28 (Fla. 4th DCA 1992); Moore v. State, 489 So.2d 1215 (Fla. 2d DCA 1986) (trial court must either follow plea bargain or give defendant an opportunity to withdraw his plea).