721 So.2d 811 (1998)
K.C., Appellant,
v.
ADOPTION SERVICES, INC., d/b/a Chosen Children, Appellee.
No. 98-1403.
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
Victoria A. Vilchez, West Palm Beach, for appellant.
Jeanne C. Brady of Brady & Brady, P.A., and Steven Pesso, Boca Raton, for appellee.
*812 KLEIN, J.
This is an appeal by a biological mother who is attempting to have the consent she executed for the adoption of her child set aside on the grounds of fraud or duress. We affirm the trial court's order finding that she freely and voluntarily consented.
On June 12, 1997, the father and the mother both executed papers consenting to the termination of their parental rights and the placement of their baby, born on July 11, 1997, with the appellee for adoption placement. The trial court entered a permanent commitment order on July 14, 1997. On December 19,1997, the mother filed a motion to set aside her consent and the termination of her parental rights on the ground of duress.
The documents executed by appellant complied in all respects with the requirements of section 39.464(1), Florida Statutes (1997), which authorizes termination of parental rights based on properly executed documents, and provides in subsection (1)(a)2 "the surrender and consent may be withdrawn after acceptance by the department or licensed childplacing agency only after a finding by the court that the surrender and consent were obtained by fraud or duress."[1]
Duress is:
A condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do and act or make a contract not of his own volition.
Herald v. Hardin, 95 Fla. 889, 116 So. 863, 864 (1928). In order to prove duress,
"it must be shown (a) that the act sought to be set aside was effected involuntarily and thus not as an exercise of free choice or will and (b) that this condition of mind was caused by some improper and coercive conduct of the opposite side." City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA 1981).
In the order denying the mother relief, the trial court found that there was clear and convincing evidence that the consent papers were executed freely and voluntarily. That is also what the trial court did in Henriquez v. Adoption Centre, Inc., 641 So.2d 84, 90 (Fla. 5th DCA 1993). The primary reason we are writing in this case is to clarify that the burden of proof is not on the party relying on the consent, as the judgments in this case and Henriquez would make it appear, but rather on the parent seeking to set aside the consent on the grounds of fraud or duress.
Parents who have executed consents pursuant to section 39.464(1) or section 63.082[2] may not challenge the child's subsequent adoption unless a court finds that the consent was "obtained by fraud or duress." §§ 39.464(1); 63.082(5); In re Cox, 327 So.2d 776, 777-78 (Fla.1976)(absent finding of fraud or duress, consent is irrevocable). When the consenting parents take action to invalidate the consent, they have the burden of proving fraud or duress. See, e.g., In Interest of J.R.G., 624 So.2d 273 (Fla. 2d DCA 1993); Bailey v. Department of Health and Rehabilitative Servs., 703 So.2d 1224, 1225 (Fla. 5th DCA 1998)(parents failed to demonstrate fraud or duress); In re Adoption of P.R. McD., 440 So.2d 57 (Fla. 4th DCA 1983)(where parents made prima facie case of duress, dismissal was error).
The burden of proving duress is clear and convincing evidence. Veiock v. Veiock, 391 So.2d 793 (Fla. 1st DCA 1980), and cases cited therein. In the present case, the evidence did not establish that the mother was under duress when she executed the consent, but rather that she did so freely and voluntarily, *813 and, months later, simply had a change of heart. We therefore affirm.
DELL, and GUNTHER, JJ., concur.
NOTES
[1] Section 63.082, Florida Statutes (1997), also authorizes consents in adoptions, and it is similar to section 39.464(1) in that it "may be withdrawn only when the court finds that the consent was obtained by fraud or duress." § 63.082(5). We have referred to Chapter 39, rather than Chapter 63, because the petition for permanent commitment filed in this case alleged that the child was dependent within the meaning of Chapter 39.
[2] Our conclusions regarding the burden of proof where a parent is seeking to set aside a consent based on fraud or duress would apply to consents executed pursuant to section 63.082 as well as section 39.464. See O.A.H. v. R.L.A., 712 So.2d 4 (Fla. 2d DCA 1998); Matter of Adoption of Doe, 543 So.2d 741 (Fla.1989).