779 So.2d 526 (2000)
In the Interest of I.D.M., a minor child,
V.M., Appellant,
v.
State of Florida, Department of Children and Families, Appellee.
No. 2D00-1230.
District Court of Appeal of Florida, Second District.
December 15, 2000.
Rehearing Denied January 12, 2001.
*527 Shea T. Moxon, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Linda Davis Tuck, Assistant Attorney General, Tampa, for Appellee.
PARKER, Acting Chief Judge.
V.M. (the Mother) challenges the trial court's orders refusing to allow her to withdraw her consent to the dependency of I.D.M. and adjudicating I.D.M. dependent. Because the trial court failed to determine that the Mother's consent was given voluntarily and with a full understanding of the possible consequences of the consent, we reverse.
Florida Rule of Juvenile Procedure 8.325(c) requires the trial court to make specific findings before accepting a consent to dependency. The rule states in pertinent part:
The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based.
Fla. R. Juv. P. 8.325(c). This court and others have reversed adjudications of dependency based on consent when the trial court has failed to make the required findings. See In the Interest of S.H., 642 So.2d 809, 810 (Fla. 2d DCA 1994); In the Interest of C.M., 632 So.2d 1093, 1094 (Fla. 1st DCA 1994). Cf. Bailey v. Department of Health & Rehabilitative Servs., 703 So.2d 1224, 1225 (Fla. 5th DCA 1998) (affirming the denial of motion to withdraw consent because the record reflected that the trial court carefully questioned the parents to ensure that they understood the consequences of their consent).
In this case, the trial court never made the findings required by rule 8.325(c). The trial court never questioned the Mother concerning whether she understood the nature of the allegations against her or the possible consequences of her consent to the dependency adjudication. Even though the Mother was represented by counsel and counsel told the trial court that the Mother had agreed to consent, it was incumbent upon the trial court to question the Mother on these issues. See C.M., 632 So.2d at 1094. "The mother's mere presence at the ... hearing did not conclusively establish that the earlier stipulation was knowing and voluntary, nor did it relieve the trial court of its obligation to follow the clear dictates of the rule." Id. Because the trial court failed to follow the requirements of rule 8.325(c) in accepting the Mother's consent, we are compelled to reverse the trial court's orders denying the Mother's motion to withdraw her consent and adjudicating I.D.M. dependent.
Reversed and remanded.
FULMER and GREEN, JJ., Concur.