938 So.2d 606 (2006)
A.G. MOTHER & R.G. FATHER OF R.G. A CHILD, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Case No. 5D05-4325.
District Court of Appeal of Florida, Fifth District.
Opinion filed September 29, 2006.
J. Manuel Acevedo, Sanford, for Appellant A.G. Mother of R.G. Helen N. Silva, Sanford, for Appellant Father of R.G.
Charles D. Peters, Orlando, for Appellee Department of Children and Families.
Patricia M. Propheter, Orlando, for Florida Guardian ad Litem Program.
EVANDER, J.
The trial court adjudicated R.G., a child, dependent as to both parents, R.G. ("Father") and A.G. ("Mother"). The Department of Children and Families ("DCF") properly concedes error as to the Father. We find the trial court also erred in adjudicating the child dependent as to the Mother.
The record reflects that an adjudicatory hearing was scheduled for October 28, 2005, on the petition for dependency filed against both parents. At the beginning of the hearing, the Mother's attorney[1] advised the judge:
Seriously, I would truly be happy to have (DCF's attorney) proffer his evidence as to what he believes makes this child dependent, and I'll proffer mine and let you make a decision.
The trial judge apparently accepted this proposal and both attorneys made proffers. It is unnecessary to state the details of each proffer. It is sufficient to say the proffered "facts" by each attorney were significantly different. An adjudication of dependency of the child as to the Mother may well have been justified if the facts were as proffered by DCF's attorney. An adjudication of dependency could not stand if the facts were as proffered by the Mother's attorney.
The court then addressed the Mother directly. The Mother stated: "I take care of my son. I have more than  more than enough evidence to prove that." The trial judge then announced he was finding the child dependent as to both parents. The Father's counsel then argued a motion to dismiss the petition as to the Father. The trial judge denied the motion and reaffirmed his decision to adjudicate the child dependent as to both parents.
It is important to note that there was no evidence, no sworn testimony, and no stipulated facts presented to the trial court at the adjudicatory hearing.
Although we do not condone the Mother's attorney's offer to have the case resolved by proffers, we decline to affirm the trial court's decision on "invited error" grounds. At the time of the Mother's attorney's offer, it was possible that each attorney would proffer identical or similar facts which would support only one possible outcome on the issue of whether the child should be adjudicated dependent as to the Mother. However, once the two attorneys proffered significantly different facts which would yield different outcomes depending on which attorney's proffer was accepted, due process required the trial court to proceed with an evidentiary hearing. Lane v. Lane, 599 So. 2d 218 (Fla. 4th DCA 1992).
Additionally, even if the Mother's attorney had proffered facts which would support a finding of dependency, it would have been incumbent on the trial judge to make inquiry directly of the Mother to determine whether any admission or consent to a finding of dependency was made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admissions or consent. Fla. R. Juv. P. 8.325(c). See also In Interest of C.M., 632 So. 2d 1093 (Fla. 1st DCA 1994). There was simply no competent evidence to support the trial court's order. In Interest of A.L., 711 So. 2d 600 (Fla. 2d DCA 1998). The order adjudicating the child dependent is hereby reversed and the cause remanded.
REVERSED and REMANDED.
SAWAYA, J., concurs.
GRIFFIN, J., concurs in part and dissents in part with opinion.
NOTES
[1] It should be noted the Mother's appellate counsel was not the attorney who represented her in the trial court.