CIKLIN, J.
The mother appeals the order denying her motion to withdraw her surrender and consent to the termination of her parental rights (“TPR”). We affirm as the record demonstrates that she voluntarily executed the surrender without fraud or duress.
The mother executed a surrender and consent to the termination of her parental *49 rights in open court. Before accepting the surrender, the court engaged in a thorough colloquy with the mother. The mother confirmed that she understood that the surrender was permanent and that her parental rights to the child would be terminated forever. "When asked if anyone promised her anything or threatened her to get her to surrender her rights, she responded, “No, I was willing.” She believed that the surrender was in the child’s best interests.
When asked if she had any questions, the mother inquired if she would be “allowed to take [the child] and bring her back.” The court explained that the custodian, legal guardian, or adoptive parent would have ultimate control as to whether the mother would have any type of contact with the child. The court made clear there were no guarantees that anyone would allow her to have contact with the child and further that the court could not make that promise or make it a condition of the mother’s surrender. When the mother informed the court that she wanted the paternal grandmother to adopt the child, the court explained that there could be no such assurances and that she could not come back and change her mind if that did not occur.
On September 2, 2008, the court entered an order terminating the mother’s parental rights based on the required consent and the court’s determination that termination was in the manifest best interests of the child.
Subsequently, the mother filed a motion for relief from the TPR order alleging that her consent was the product of fraud and duress. The trial court denied the motion after an evidentiary hearing.
This court reviews the denial of a motion to set aside the surrender of parental rights for abuse of discretion. See R.B. v. Dept of Children & Families, 997 So.2d 1216 (Fla. 5th DCA 2008); W.T. v. Dept of Children & Families, 846 So.2d 1278, 1281 (Fla. 5th DCA 2003).
A parent who seeks to invalidate his or her purported consent to the termination of parental rights has the burden of proving fraud or duress by clear and convincing evidence. See K.C. v. Adoption Servs., Inc., 721 So.2d 811, 812 (Fla. 4th DCA 1998). In K.C., this court explained the test for proving duress in attempting to withdraw consent to TPR as follows:
Duress is:
A condition of mind produced by an improper external pressure or influence that practically destroys the free agency of a party and causes him to do and act or make a contract not of his own volition.
Herald v. Hardin, 95 Fla. 889, 116 So. 863, 864 (1928). In order to prove duress,
“it must be shown (a) that the act sought to be set aside was effected involuntarily and thus not as an exercise of free choice or will and (b) that this condition of mind was caused by some improper and coercive conduct of the opposite side.” City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA 1981).

Id.

The mother’s responses to the court’s questions and her unique inquiries to the court demonstrate the voluntariness of her consent and the absence of fraud and duress.
As to the other issue raised on appeal, we find it to be without merit.

Affirmed.

POLEN and HAZOURI, JJ., concur.