**A.W., the Father, Appellant,**

v.

**DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.**

**No. 4D16–2783.**

District Court of Appeal of Florida, Fourth District.

Nov. 30, 2016.

---

Frank Kreidler, Lake Worth, for appellant.

Meredith K. Hall, Bradenton, for appellee Department of Children and Families.

Sara E. Goldfarb, Sanford, for appellee Guardian Ad Litem Program.

PER CURIAM.

*Affirmed.* Competent substantial evidence supported the trial court's determination that no fraud or duress was used to obtain the parents' surrender of parental rights in order to allow for adoption. *See K.C. v. Adoption Servs., Inc.,* 721 So.2d 811, 812 (Fla. 4th DCA 1998) (holding that the burden of proof is on the parent seeking to set aside consent to termination of parental rights, and evidence did not establish that the parent was under duress). Appellants were not entitled to appointed counsel for pursuing a post-judgment claim of ineffective assistance of counsel. *See J.B. v. Fla. Dep't of Children & Families,* 170 So.3d 780 (Fla.2015) (holding that while parents have the right to appointed counsel with regard to termination proceedings in both trial and appellate courts, parents do not have the right to counsel in post-termination proceedings in which the parents are claiming ineffective assistance of counsel). The Department of Children and Families ("the Department") satisfied the least restrictive means test through its efforts prior to termination. *See S.M. v. Fla. Dep't of Children & Families,* No. SC15–2127, 202 So.3d 769, 2016 WL 6472880 (Fla. Sept. 1, 2016) (finding that the Department satisfies its burden under the least restrictive means prong by making a good faith effort to rehabilitate parent and child *prior to* filing of termination of parental rights petition; availability of relative placement after court terminates parental rights is not part of least restrictive means test).

WARNER, GROSS and FORST, JJ., concur.