DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**H.A.R.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D20-1921

[March 3, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 17-001055CJDP.

Bernard R. Appleman of the Law Office of Bernard R. Appleman, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Office of the Attorney General, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Florida Statewide Guardian ad Litem Office, for appellee Guardian ad Litem.

PER CURIAM.

We affirm the final judgment of termination of the appellant mother's parental rights. The trial court entered a default against her pursuant to section 39.801(3)(d), Florida Statutes (2020), which she claims was an abuse of discretion. We disagree.

The adjudicatory hearing took place over several days. Twice the mother failed to show up until well after the commencement of the trial. On the first occasion, the court denied the motion for default. On the second occasion, the court entered a default and then vacated it when she finally appeared. Each time the court cautioned the mother that if she failed to show up on time a default could be entered against her. On the

fourth day of trial, which was being conducted by videoconference, the mother once again failed to appear at the designated start time. Nor did she answer the court's two phone calls; they both went to a full voice mailbox. Moreover, the mother failed to respond to the child advocate's text message sent to the mother's phone. Accordingly, the court entered a default. When the mother finally appeared through videoconference an hour and a half late, she said she overslept and did not hear her phone alarm. This time the court refused to vacate the default, finding that the mother's explanation lacked credibility and did not constitute excusable neglect.

Our standard of review is whether the trial court abused its discretion in refusing to vacate the default. *T.G. v. Dep't of Children & Families*, 9 So. 3d 48, 49 (Fla. 4th DCA 2009). However, the appellate court has no authority to reweigh testimony and find it credible. *T.M. v. Dep't of Children & Families*, 971 So. 2d 274, 277 (Fla. 4th DCA 2008) (citing to *In re Adoption of Baby E.A.W.*, 658 So. 2d 961 (Fla. 1995)). Based upon these facts, we cannot say that the court abused its discretion.

*Affirmed.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***