WALLACE, Judge.
B.G., the father, challenges the trial court’s order granting the Department of Children and Family Services’ (DCF) motion to enforce the parties’ stipulated plea agreement and the resulting final order of adjudication of dependency as to his minor children, B.G. and B.G. Because the trial court failed to determine that B.G.’s consent to a finding of dependency was given voluntarily and with a full understanding of the possible consequences of the consent, we reverse.
On July 15, 2003, DCF filed a Petition Alleging Dependency against B.G., which alleged that B.G. had failed to protect his children from the physical and mental abuse of their stepmother, J.G. On Sep *358 tember 17, 2003, B.G. and DCF participated in a mediation conference. At the conclusion of the mediation, the parties apparently reached an agreement and signed a stipulation, which included a provision requiring that the children have no contact with their stepmother. Shortly thereafter, B.G.’s attorney notified DCF that B.G. wanted to withdraw from the agreement because of the impact that it would have on his marriage to J.G. On October 3, 2003, DCF filed a motion to enforce the stipulated plea agreement.
On October 10, 2003, the trial court held a hearing on DCF’s motion. DCF argued that B.G. should not be allowed to withdraw from the agreement because DCF had already cancelled the subpoenas of the witnesses it had intended to present at the dependency hearing and thus DCF was prejudiced. B.G.’s counsel acknowledged that DCF had cancelled the subpoenas and informed the court that B.G. would agree to a continuance of the dependency hearing to eliminate any prejudice to DCF. B.G. told the court that he did not know when he signed the stipulation that he would not be allowed to see his wife, as was explained by a DCF worker after the stipulation was signed. The trial court tried to explain to B.G. that only the children were prevented from having contact with the stepmother. However, because the children were going to remain in B.G.’s custody as part of the stipulated agreement, B.G. was understandably confused about how he could maintain a relationship with J.G. Ultimately, the court granted DCF’s motion to enforce the stipulated agreement. On October 30, 2003, the trial court entered an order finding the children dependent and finding that B.G. freely, knowingly, and voluntarily consented to a finding of dependency.
Florida Rule of Juvenile Procedure 8.325(c) requires the trial court to make specific findings before accepting a consent to dependency. This rule states:
The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based.
Fla. R. Juv. P. 8.325(c). This court and others have reversed adjudications of dependency based on consent when the trial court has failed to make the required findings. See In re I.D.M. 779 So.2d 526, 527 (Fla. 2d DCA 2000) (reversing the adjudication of dependency after finding that it was incumbent upon the trial court to question the mother as to whether she understood the nature of the allegations against her or the possible consequences of her consent to the dependency adjudication, despite the fact that she was represented by counsel); C.S. v. Dep’t of Children & Families, 777 So.2d 1118 (Fla. 4th DCA 2001) (reversing an adjudication of dependency where the mother was represented by counsel but the trial court made no inquiry as to the voluntariness of the mother’s plea, her understanding of the allegations, or the consequences of her consent); In re C.M., 632 So.2d 1093 (Fla. 1st DCA 1994) (stating that “[t]he mother’s mere presence at the disposition hearing did not conclusively establish that the earlier stipulation was knowing and voluntary, nor did it relieve the trial court of its obligation to follow the clear dictates of [rule 8.325(c) ]”).
In this case, the trial court never questioned B.G. as to whether (1) his consent *359 was voluntary or (2) he knew the nature of the allegations against him or the possible consequences of his consent to the dependency adjudication. Furthermore, the transcript of the hearing indicates that B.G. still did not understand the consequences of his consent at the end of the hearing. The existence of the mediated agreement did not conclusively establish that B.G.’s consent to the dependency adjudication was knowing and voluntary, nor did it relieve the trial court of its obligations to make these determinations as required by rule 8.325(c). Because the trial court failed to follow the requirements of rule 8.325(c) in accepting B.G.’s consent, we reverse the order enforcing the stipulated agreement and the order adjudicating the minor children dependent, and we remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
CASANUEVA and COVINGTON, JJ., Concur.