EVANDER, J.
 

 J.G. (the mother) appeals from an order that adjudicated her minor child, K.A., dependent, awarded sole parental responsibility of the child to K.A.’s father, and terminated the court’s jurisdiction over the child. Because the procedure employed by the trial court violated the mother’s due process rights, we reverse.
 

 At a shelter hearing held on April 1, 2011, the trial court removed the minor child from the mother’s custody and placed him in the temporary custody of his father under the supervision of the Department of Children and Families (DCF). Subsequently, DCF filed a Verified Petition for Dependency alleging, inter alia, that the mother had “exposed her child to controlled substances by her extensive, abusive, and chronic use of controlled substances which has demonstrably adversely affected her child.”
 

 At her May 31, 2011 arraignment, the mother entered a plea denying the allegations of the petition for dependency. On June 21, 2011, DCF filed a proposed case plan with the court. The proposed case plan set forth various tasks to be completed by the mother, including a requirement to submit to random drug tests. Significantly, the proposed case plan had a goal
 
 *1172
 
 of reunification. Although the child had not been adjudicated dependent, the mother began to perform the tasks set forth in the proposed case plan.
 

 On November 8, 2011, the mother appeared before the trial court to change her plea from “denial” to “consent.” The consent plea form executed by the mother
 
 [1]
 
 included the following language:
 

 I understand that, after acceptance of this Consent, the Court will order that the Department of Children and Families negotiate a case plan with me and I am entitled to the aid of my attorney and any other person I choose in negotiating the contents of that case plan.
 
 The contents of the case plan will be reasonably calculated to alleviate conditions which caused this dependency action. The case plan will set forth tasks for each party to this matter to complete with a goal of reunification of the child or children with me and that, upon my completion of the tasks to be performed under the case plan, the child or children will be returned to me.
 
 If there is no agreement on the tasks to be performed under the case plan, the Court will be the ultimate decision maker on which tasks are included in the case plan. The Court, at all times, has the power to amend the case plan to include or delete certain requirements of the case plan as it deems necessary in the best interest of the child or children. I understand that the Department of Children and Families has the responsibility to aid me in the completion of the tasks set forth in the case plan. I further understand that if I fail to comply with the case plan, the Court may end all of my right to the child or children in a termination of parental rights proceeding.
 

 (Emphasis added).
 

 The trial court placed the mother under oath and made appropriate inquiry to confirm, inter alia, that: (1) she had received and understood the consent form, (2) she had received a proposed case plan and had the ability to complete same, (3) she was entering her plea voluntarily, and (4) she was aware that by entering a consent plea she was waiving her rights to contest the allegations of the petition for dependency.
 

 After the trial court accepted the mother’s consent plea, DCF requested the trial court adjudicate the child dependent and accept the proposed case plan with its goal of reunification. The guardian ad litem joined in DCF’s recommendation. However, the father’s counsel argued that the trial court should award sole custody of the child to the father and close the case. The mother’s counsel objected to the father’s request and advised the trial court that the mother had already completed various tasks set forth in the proposed case plan and would soon be filing a motion for reunification.
 

 The trial court determined that prior to rendering its decision, it would have the mother “drug-tested.”
 
 [2]
 
 The court ordered the mother to immediately submit to a urinalysis and took a brief recess. When the hearing reconvened approximately one-half hour later, the trial court advised the parties that the mother had tested positive for benzodiazepine. The trial court denied a request to have the urine sample “sent out for confirmation” and did
 
 *1173
 
 not afford the mother an opportunity to withdraw her plea. Without further testimony or argument, the court rendered the order that is the subject of this appeal.
 

 The mother acknowledges that pursuant to section 39.521(3)(b), Florida Statutes (2011), a trial court has the authority to enter a disposition order closing the dependency case after awarding sole parental responsibility of the dependent child to a non-offending parent where such placement would not endanger the safety, well-being, or physical, mental, or emotional health of the child:
 

 (3) When any child is adjudicated by a court to be dependent, the court shall determine the appropriate placement for the child as follows:
 

 [[Image here]]
 

 (b) If there is a parent with whom the child was not residing at the time the events or conditions arose that brought the child within the jurisdiction of the court who desires to assume custody of the child, the court shall place the child with that parent upon completion of a home study, unless the court finds that such placement would endanger the safety, well-being, or physical, mental, or emotional health of the child. Any party with knowledge of the facts may present to the court evidence regarding whether the placement will endanger the safety, well-being, or physical, mental, or emotional health of the child. If the court places the child with such parent, it may do either of the following:
 

 1.
 
 Order that the parent assume sole custodial responsibilities for the child. The court may also provide for reasonable visitation by the noncustodial parent. The court may then terminate its jurisdiction over the child.
 

 2. Order that the parent assume custody subject to the jurisdiction of the circuit court hearing dependency matters. The court may order that reunification services be provided to the parent from whom the child has been removed, that services be provided solely to the parent who is assuming physical custody in order to allow that parent to retain later custody without court jurisdiction, or that services be provided to both parents, in which case the court shall determine at every review hearing which parent, if either, shall have custody of the child. The standard for changing custody of the child from one parent to another or to a relative or another adult approved by the court shall be the best interest of the child.
 

 (Emphasis added).
 

 Nonetheless, the mother insists that her due process rights were violated because she was not put on notice that a permanent change of custody to the father would be addressed at the disposition hearing. She argues that “[i]n all likelihood [she] would not have entered a consent to the dependency if she had known that the case was going to be closed at disposition with the father having custody.” The mother’s argument has merit.
 

 As a general rule, a party who receives notice of a disposition hearing will be found to have notice that the trial court may consider any and all disposition options authorized by law. However, in the instant case, the consent plea form recited that the plea was entered based on the understanding that the trial court would accept a case plan having a goal of reunification. There was no suggestion during the plea colloquy that the trial court would consider any other disposition option. While the mother was on notice that the trial court had the authority to reject the proposed case plan, she was not on notice that her consent plea could result in the
 
 *1174
 
 immediate and permanent placement of the child with the father.
 

 We would further observe that Florida Rule of Juvenile Procedure 8.325(c) requires a trial court to ensure that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the possible consequences of the admission or consent.
 
 [3]
 

 See In re B.G.,
 
 884 So.2d 357 (Fla. 2d DCA 2004) (trial court erred in enforcing mediated settlement agreement between DCF and parent where record reflected that parent did not understand consequences of consent plea called for by agreement and court failed to make inquiry as to whether consent plea was made voluntarily and with full understanding of possible consequences of plea). Here, the transcript of the plea hearing reflects that the trial court did not make the mother aware that if she proceeded with her consent plea, the trial court could enter a disposition order that was contrary to the recitals set forth in her plea form.
 

 We quash the Order of Adjudication, Disposition, Visitation and Custody dated December 8, 2011, nunc pro tunc, November 8, 2011, and remand for proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 MONACO and COHEN, JJ., concur.
 

 [1]
 

 . Although apparently executed by the mother on April 14, 2011, the consent plea form was not filed with the court until November 8, 2011.
 

 [2]
 

 . The record reflects that as an apparent result of the mother’s demeanor at the hearing, the trial court developed a concern as to whether she was under the influence of a controlled substance.
 

 [3]
 

 . Admission of or Consent to Dependency.
 

 The parent or legal custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admission or consent, and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts on which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
 

 Fla. R. Juv. P. 8.325(c).